■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFTON CRAWFORD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered February 1, 1989, convicting him of rape in the first degree (two counts), sodomy in the first degree, rape in the second degree, sexual abuse in the first degree, and incest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with various sex offenses committed against his daughter on four occasions between September 1986 and October 1987. His daughter gave birth to a child in March 1988. During pre-trial proceedings in April 1988, the defendant's attorney requested a blood test of the infant to determine paternity. The People indicated that they would consider seeking such a test. On June 17, 1988, the court stated that both the People and the defendant had agreed to a blood test to determine the paternity of the child and that the defendant had no objection to having a sample of his blood taken for comparison. The defendant was represented by counsel on that date. On or about September 28, 1988, the defendant's original attorney was relieved of his representation of the defendant and the matter was adjourned until a newly assigned attorney appeared in court on October

6, 1988. In the interim, the court authorized the blood test, and a sample was taken from the defendant on September 28, 1988.

On appeal, the defendant contends that the results of the blood genetic marker tests, which showed that there was a 99.68% probability that he was the father of his daughter's child, should not have been admitted because he was not represented by an attorney at the time the order directing him to submit to the test was issued or at the time a blood sample was taken from him. We find this contention to be without merit. The record reveals that the defendant, when represented by counsel, not only consented to the blood test, but requested it. There is no indication in subsequent pre-trial proceedings or during the trial that the defendant objected to the test. Moreover, the presence of counsel at the time the blood was drawn was not required to assure the defendant's right to a fair trial *(see generally, People v Thomas,* 46 NY2d 100, *appeal dismissed* 444 US 891; *People v Craft,* 28 NY2d 274; *People v Kates,* 77 AD2d 417, *affd* 53 NY2d 591).

We also find lacking in merit the defendant's contention that an improper foundation was laid for admission of the results of the blood genetic marker tests. "Expert testimony is admissible if the analysis involved is beyond the ken of the typical juror and the results would be relevant to an issue in the case" *(People v Allweiss,* 48 NY2d 40, 50). In addition, in cases regarding scientific tests, the general rule is that there must be proof of general acceptance of the technique in the scientific community *(see, People v Hughes,* 59 NY2d 523, 537; 1 McCormick, Evidence § 203 [4th ed]). Here the paternity of the complainant's child was relevant to the issues before the jury. A doctor employed by the laboratory where the blood tests were performed was qualified, without objection, as an expert in the field of genetic blood testing and paternity evaluation and testified, again without objection, that such blood genetic marker tests were accepted by the scientific and medical community. Contrary to the defendant's contention, the laboratory reports relied upon by the expert were properly admitted into evidence based on his testimony (CPLR 4518 [a]; *cf., People v Farrell,* 58 NY2d 637).

The defendant contends that the court improperly curtailed his counsel's remarks on summation when it sustained the prosecutor's objections to comments concerning the failure of certain of the complainant's relatives to testify. However, the defendant did not request a missing witness charge, and the record reveals that there was no showing that these witnesses

were knowledgeable about a material issue in the case *(see, People v Kitching,* 78 NY2d 532; *People v Gonzalez,* 68 NY2d 424).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Sullivan, J. P., Balletta, Eiber and O'Brien, JJ., concur.