■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY D. BUSH, Appellant. [698 NYS2d 340] —Mugglin, J. Appeal from a judgment of the County Court of Tompkins County (Friedlander, J.), rendered December 16, 1993, upon a verdict convicting defendant of the crimes of burglary in the first degree, rape in the first degree, assault in the first degree and sexual abuse in the first degree.

On October 7, 1992, a woman (hereinafter the victim) was alone in her brother's house in a rural area in the Town of Groton, Tompkins County. At approximately 5:30 A.M., she was awakened by an intruder who was striking her in the head with what appeared to be a flashlight. After instructing her to lay on her stomach, the intruder raped her from behind for approximately five minutes without ejaculation occurring. After telling her that he did not want her to see him, and not to move for 15 minutes, the intruder left. The victim remained in bed until she heard what she described as a truck with a loud muffler drive away whereupon she telephoned for help. She was subsequently transported to a hospital for treatment of her injuries which included a fractured skull.

Defendant was subsequently indicted by the Grand Jury for the crimes of burglary in the first degree, rape in the first degree, sexual abuse in the first degree and assault in the first degree. Following a suppression hearing, County Court denied defendant's motions to, *inter alia*, dismiss the indictment for insufficiency of the evidence and ruled that the Grand Jury proceeding was not tainted by defects which would warrant dismissal on prejudice or due process grounds. County Court also denied defendant's request to preclude the introduction of certain testimony and physical evidence, including a flashlight located in defendant's truck alleged to be the weapon that defendant had used.

Thereafter, a jury returned a verdict of guilty against defendant for all counts charged in the indictment. He was sentenced as a second felony offender to 12½ to 25 years each for the

rape and burglary convictions, to be served consecutively. Additionally, he was sentenced to 7½ to 15 years for the assault conviction and 3½ to 7 years for the sexual abuse conviction, both of which terms were to be served concurrently to the rape sentence. Defendant now appeals.

Defendant's brief contains 29 major points and voluminous subpoints, all of which assert that reversible error occurred at every step of the prosecution from arrest through sentencing. An analysis of these reveals that only four warrant discussion. The balance of the issues raised by defendant are either not reviewable by reason of the fact that they were not timely raised before County Court, argue for reversal of well-established principles of law or are entirely lacking in merit.

Defendant's counsel conceded in his opening statement and again during summation that the crimes alleged did occur. Indeed, the testimony of the victim clearly establishes the commission of these crimes. Therefore, the central issue in this case was the identity of the perpetrator. We therefore first examine defendant's claim that there was insufficient evidence before the trial jury to establish his identity as the perpetrator.

The standard of review in determining whether the evidence adduced by the prosecution at trial is legally sufficient is, looking at the evidence most favorable to the prosecution (*see, People v Harper*, 75 NY2d 313, 316-317; *People v Contes*, 60 NY2d 620, 621), "whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]; *see, People v Cabey*, 85 NY2d 417, 420). In making this determination, as to both weight and sufficiency, "[a]n appellate court does not distinguish between direct or circumstantial evidence" (*People v Davis*, 260 AD2d 726, 729, *lv denied* 93 NY2d 968).

With respect to the identification of the intruder, the testimony, if credited, establishes, *inter alia*, the following: (a) defendant had been to the victim's house, uninvited and at odd hours on three occasions before the rape occurred, (b) on the same morning that the crime occurred, a truck matching the distinctive description of defendant's truck was placed near the scene of the crime in a stranger's driveway, (c) the victim heard a loud truck start up after the attacker left the house, (d) while the victim could not specifically identify her attacker, what she could identify was consistent with defendant's characteristics, (e) defendant's alibi of being in Chemung County until 5:30

A.M. on the day of the crime was contradicted by the person he allegedly was with, (f) the victim testified that she was struck by what she thought might have been a flashlight, (g) a flashlight found in defendant's truck had blood on it matching the victim's DNA (as well as 6% of the population), and (h) a statement attributed to defendant, while not a direct admission, certainly was no denial. This evidence established the People's prima facie case as to the identity of the intruder. After application of the appropriate standard to the evidence and giving due deference to the jury's resolution of the credibility issues, there is a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury such that this verdict is not against the weight of the evidence (*see, People v Cabey, supra; People v Bleakley, supra,* at 495; *People v MacDonald,* 227 AD2d 672, 674, *affd* 89 NY2d 908).

We next examine defendant's claims of evidence tampering. One of the major pieces of evidence was the aforementioned flashlight. In the initial search, conducted October 7, 1992, the forensic scientist failed to discover the presence of blood on the flashlight. At the subsequent examination on October 20, 1992, blood was discovered. Since one of the State Police investigators involved in this case was David Beers, and since Beers had been indicted, tried and found not guilty of evidence tampering charges in Broome County and was awaiting trial on evidence tampering charges in Tioga County (for which he was subsequently found not guilty), defendant argues that Beers had ample opportunity to tamper with the evidence in this case by putting blood from the victim on the flashlight between these two dates.

Defendant's arguments regarding the alleged evidence tampering, as well as his derivative arguments regarding, *inter alia*, (a) defendant's attempts to get records of the special prosecutor regarding ongoing investigations, (b) his attempts to subpoena two former State Police Investigators who were in jail following convictions for tampering, (c) the alleged interference with his right to present a defense based on tampering, (d) County Court's refusal to charge the jury regarding police misconduct, and (e) the foundational arguments centering on alleged tampering, all fail for two fundamental reasons.

First, to a large extent they are based upon the submission as an exhibit in this Court of a document which is a report to the Governor by Special Prosecutor Nelson Roth, who investigated the instances of evidence tampering, and this document, not having been published until January 1997, lies well outside

the record on appeal. Second, and more fundamentally, defendant's arguments are based upon conclusory suppositional claims lacking definitive evidence and are therefore wholly unpersuasive (*see, e.g., People v Vann*, 216 AD2d 599, *lv denied* 86 NY2d 875).

Further, we find that County Court properly sustained the search warrants. In New York, it is clear that as long as the two-pronged *Aguilar-Spinelli* test is satisfied by the People demonstrating (1) reliability, and (2) the basis of knowledge of the informant (*see, Spinelli v United States*, 393 US 410; *Aguilar v Texas*, 378 US 108), hearsay, even chains of hearsay, can satisfy the probable cause requirement (*see, People v Parris*, 83 NY2d 342; *People v Mullins*, 137 AD2d 227, 230, *lv denied* 72 NY2d 922). These tests were met in the instant case. Review of both warrant applications supports a finding of probable cause as both warrants demonstrate " 'information sufficient to support a reasonable belief that * * * evidence of a crime may be found' at the targeted location[s]" (*People v Pinchback*, 82 NY2d 857, 858, quoting *People v Bigelow*, 66 NY2d 417, 423).

As a final matter, we address defendant's contention that the statutory prohibition against attacking the insufficiency of the evidence presented to the Grand Jury to support the indictment on appeal is unconstitutional (*see,* CPL 210.30 [6]). Defendant's arguments in this regard fail to overcome the presumption of constitutionality of the statutory provision in question. Clearly, since the right to be indicted by "legally sufficient" evidence is a statutory right provided to defendant by CPL 190.65 (1), it may be statutorily curtailed in cases such as this where a conviction, upon the requisite high standard of proof, renders evidentiary sufficiency at the Grand Jury stage moot (*see,* CPL 210.30 [6]; *Matter of Miranda v Isseks*, 41 AD2d 176).

Mikoll, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.