■ In the Matter of LEONARD LOMONACO, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents. [754 NYS2d 603] —Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered July 9, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Parole denying petitioner's request for parole release.

Petitioner is currently serving a prison sentence of 8 to 16 years following his 1989 conviction of the crime of manslaughter in the first degree. His conviction arose out of a street corner altercation with a drug dealer which ended when petitioner fatally stabbed the other man. In August 2001, petitioner made his fourth appearance before respondent Board of Parole at which time his application for parole release was again denied. This CPLR article 78 proceeding was ultimately dismissed by Supreme Court, giving rise to this appeal.

Our review of the record reveals that in arriving at its decision, the Board considered the required statutory factors (*see* Executive Law § 259-i), placing special emphasis on the serious and violent nature of petitioner's crime and the fact that it was committed while he was on parole release from a previous felony conviction (*see Matter of Marcelin v Travis*, 262 AD2d 836). The Board took further note of petitioner's extensive criminal history (*see Matter of Felder v Travis*, 278 AD2d 570, 571). Given the Board's adherence to the statutory guidelines and the lack of any indication that its determination was affected by "irrationality bordering on impropriety," there is no basis to disturb it (*see Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77). Hence, the petition was correctly dismissed by Supreme Court. Petitioner's good conduct during his incarceration does not mandate a contrary outcome (*see Matter of Charlemagne v State of New York Div. of Parole*, 281 AD2d 669, 670). The remaining issues raised herein have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Peters, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.