■ In the Matter of Isidro Abascal, Appellant, v New York State Board of Parole, Respondent. [802 NYS2d 803]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered March 1, 2005 in Albany County, which

dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying his request for parole release.

Petitioner is serving a prison term of six years to life, imposed upon his conviction of the crime of criminal possession of a controlled substance in the second degree. In September 2003, petitioner appeared before respondent for the second time and his request for parole release was denied. After exhausting his administrative appeals, petitioner commenced this CPLR article 78 proceeding seeking review of respondent's determination. Supreme Court dismissed the petition, prompting this appeal.

Our review of the record reveals that respondent considered the relevant statutory factors in making its determination (see Matter of Valderrama v Travis, 19 AD3d 904, 905 [2005]; Matter of Moore v Travis, 8 AD3d 717, 717-718 [2004]; Matter of Lomonaco v New York State Bd. of Parole, 302 AD2d 829, 830 [2003]). The record before respondent included petitioner's educational and vocational accomplishments, and these topics were discussed during the interview with petitioner (see Matter of Valderrama v Travis, supra at 905). Petitioner was also given an opportunity during the interview to address his mental health and the factual errors contained in the presentence investigation report, matters about which he now complains (see Matter of Moore v Travis, supra at 717). Notably, the record does not indicate that respondent's determination was based upon either of these factors. Instead, respondent properly considered the seriousness of the offense for which petitioner is currently incarcerated, his criminal history and his poor institutional record of behavior and found that these factors militated against his release at that time (see Matter of Valderrama v Travis, supra at 905). As respondent is vested with the discretion to determine whether petitioner's release is appropriate and there has been no " 'showing of irrationality bordering on impropriety,' " we will not disturb its determination (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]; see Matter of Valderrama v Travis, supra at 905; Matter of Moore v Travis, supra at 717-718; Matter of Lomonaco v New York State Bd. of Parole, supra at 830).

We have considered petitioner's remaining contentions, including the delay in providing the hearing transcript to him and the imposition of a 24-month hold, and find them to be without merit (see 9 NYCRR 8006.1 [e]; 8006.2 [a]; Matter of Tatta v State of N.Y., Div. of Parole, 290 AD2d 907, 908 [2002], lv denied 98 NY2d 604 [2002]).

Cardona, P.J., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.