Appeal from a judgment of the Supreme Court (O’Connor, J.), entered June 3, 2013 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Corrections and Community Supervision calculating the length of petitioner’s prison sentence.
In 1993, petitioner was convicted of rape in the first degree, burglary in the first degree, assault in the first degree and sexual abuse in the first degree (People v Bush, 266 AD2d 642 [1999], lv denied 94 NY2d 917 [2000]). County Court (Fried-lander, J.) sentenced him, as a second felony offender, to prison terms of 1272 to 25 years each for the rape and burglary convictions, to be served consecutively. The court also sentenced him to prison terms of 772 to 15 years for the assault conviction and 372 to 7 years for the sexual abuse conviction, both “to be served concurrently to the rape sentence” (id. at 643).* The Depart *1297 ment of Corrections and Community Supervision reduced petitioner’s aggregate prison sentence to 20 to 40 years pursuant to Penal Law former § 70.30 (1) (c) (ii), and calculated his minimum and maximum release dates.
Petitioner commenced this proceeding to challenge the calculation of his sentence. His argument is based on a factual misinterpretation of the sentences imposed, namely his assertion that the assault and sexual abuse sentences were concurrent with both the rape and burglary sentences. Based on the sentences as they were actually imposed (see n, supra), the Department of Corrections and Community Supervision correctly calculated his aggregate minimum and maximum sentence dates. Hence, we affirm.
Lahtinen, J.E, McCarthy, Garry and Rose, JJ., concur.
Ordered that the judgment is affirmed, without costs.

 The commitment order for the rape conviction states that the sentence is to run consecutively with the burglary sentence, and the commitment order *1297 for the burglary conviction states that the sentence is to run consecutively with the rape sentence. The commitment orders for the assault and sexual abuse convictions simply state that those sentences are to run concurrently, without stating what other sentence or sentences they run concurrently with. Our decision deciding petitioner’s appeal from his judgment of conviction clarifies — based on a record that also included the sentencing minutes — that County Court imposed the assault and sexual abuse sentences to run concurrently with the rape sentence (People v Bush, 266 AD2d at 643).