*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 19, 2016                    521134
_____

In the Matter of TONIE WILEY,
                    Appellant,

        v
                                              MEMORANDUM AND ORDER

STATE OF NEW YORK DEPARTMENT
    OF CORRECTIONS AND
    COMMUNITY SUPERVISION,
                    Respondent.
_____

Calendar Date:  April 18, 2016

Before:  Lahtinen, J.P., McCarthy, Garry, Rose and Aarons, JJ.

                    _____

        Tonie Wiley, Collins, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Frank Brady
of counsel), for respondent.

                    _____

Rose, J.

        Appeal from a judgment of the Supreme Court (Ceresia, J.),
entered April 16, 2015 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of the Board of Parole
denying petitioner's request for parole release.

        In 1989, petitioner was convicted of murder in the second
degree, among other charges.  Petitioner used trickery while on
parole to gain access to a woman's home, where he terrorized her,
removed her clothing, bound and suffocated her by tying a plastic
bag over her head, and then stole items of personal property,
including her car and her dog.  He was sentenced, as a second
felony offender, to an aggregate prison sentence of 25 years to

life.  In October 2013, petitioner made his fourth appearance before the Board of Parole seeking to be released to parole supervision.  The Board denied his request and ordered him to be held for an additional 24 months.[1]  After his administrative appeal was not timely decided, petitioner commenced this CPLR article 78 proceeding.  Supreme Court dismissed the petition in a thorough decision addressing the merits of each of petitioner's claims, prompting this appeal.

We affirm.  Parole release decisions, made after a case-by-case factual review of an inmate's application, are discretionary and will not be disturbed so long as the Board complied with the statutory requirements set forth in Executive Law § 259-i (see Matter of Diaz v New York State Dept. of Corrections & Community Supervision, 127 AD3d 1493, 1494 [2015]).  Here, the record reflects that the Board took into consideration the relevant statutory factors, including the seriousness of these crimes, committed only months after petitioner was released on parole for a prior attempted rape, and his criminal history dating back to 1976.  The Board also fully considered petitioner's positive institutional record and the absence of disciplinary charges since 1997, his postrelease plans and his rehabilitative and educational efforts.  Also taken into account, as required, was the COMPAS Risk and Needs Assessment instrument (see Matter of Hawthorne v Stanford, 135 AD3d 1036, 1038 [2016]).  Contrary to petitioner's claim, the Board in its discretion properly placed greater emphasis on the present offenses, as it "was not required to give equal weight to all requisite factors" (Matter of Boccadisi v Stanford, 133 AD3d 1169, 1170 [2015]; see Matter of Feilzer v New York State Div. of Parole, 131 AD3d 1321, 1322 [2015]).

Likewise lacking in merit is petitioner's contention that the Board failed to comply with the 2011 amendments to Executive

---

[1]  Petitioner's next appearance before the Board of Parole, scheduled for October 2015, has been postponed to permit him to pursue this appeal.

Law § 259-c (4).[2]  As Supreme Court correctly noted, the Board was not required by the 2011 amendment to Correction Law § 71-a to draft a transitional accountability plan for petitioner, as this requirement only "applies to inmates admitted to prison after its effective date" (Matter of Borges v Stanford, 127 AD3d 1491, 1491 [2015]; see Matter of Hill v New York State Bd. of Parole, 130 AD3d 1130, 1131 [2015]).  Given that the Board's decision does not reflect "irrationality bordering on impropriety" (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000] [internal quotation marks and citation omitted]; Matter of Boccadisi v Stanford, 133 AD3d at 1171), it will not be disturbed.  Petitioner's remaining contentions have been reviewed and determined to lack merit.

Lahtinen, J.P., McCarthy, Garry and Aarons, JJ., concur.


ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court

---

[2]  Although not applicable here to petitioner's 2013 hearing, the Board has since promulgated regulations, effective July 30, 2014, implementing the 2011 amendments to Executive Law § 259-c (4) (see 9 NYCRR 8002.3; Matter of Diaz v New York State Dept. of Corrections & Community Supervision, 127 AD3d at 1494 n).