*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: November 10, 2016                    522943
_____

In the Matter of CLIFTON
    CRAWFORD,
                        Appellant,

        v                                     MEMORANDUM AND ORDER

NEW YORK STATE BOARD OF PAROLE
    et al.,
                        Respondents.
_____

Calendar Date: September 20, 2016

Before: Peters, P.J., Egan Jr., Lynch, Clark and Aarons, JJ.

_____

        Clifton Crawford, Rome, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Laura Etlinger of counsel), for respondents.

_____

        Appeal from a judgment of the Supreme Court (McDonough, J.), entered February 2, 2016, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Parole denying petitioner's request for parole release.

        Petitioner is currently serving a 25 to 50-year prison sentence for the forcible rape and other sexual offenses against a female relative in 1986 and 1987 (People v Crawford, 183 AD2d 775 [1992], lv denied 80 NY2d 902 [1992]). On July 15, 2014, petitioner reappeared before respondent Board of Parole and, following a hearing, his request for parole release was denied

and he was ordered held an additional 24 months.[1]  He filed an administrative appeal and, when the Board's appeal unit did not decide it within four months, petitioner commenced this CPLR article 78 proceeding.  Supreme Court dismissed the proceeding, and this appeal ensued.

We affirm.  The record, including the transcript of the parole release interview and the Board's decision, reflects that the Board considered the relevant statutory factors in denying petitioner's request for parole release, including the serious nature of his crimes and plans upon release, his criminal history, institutional achievements, rehabilitative efforts and disciplinary record and opposition to his release.[2]  Consistent with the 2011 amendments to the Executive Law, the Board undertook a risk and needs assessment utilizing petitioner's COMPAS Risk and Needs Assessment instrument, which was not uniformly low and reflected several factors indicative of a high risk of reoffending, including low family support; moreover, this instrument "is only one factor that the Board was required to consider in evaluating petitioner's request [for parole]" (Matter of Rivera v New York Div. of Parole, 119 AD3d 1107, 1109 [2014]).  Contrary to petitioner's contention, the Board was not required to give each factor equal weight or to expressly discuss each factor and was entitled to, and properly did, place greater emphasis upon the egregious and protracted nature of petitioner's crimes and his lack of insight and failure to accept responsibility (see Executive Law § 259-i [2] [c] [A] [vii]; Matter of Moore v New York State Bd. of Parole, 137 AD3d 1375, 1376 [2016]).  As the Board considered and relied upon the pertinent statutory factors and its discretionary decision is rationally based, it will not be disturbed (see Executive Law

---

[1]  Petitioner requested postponement of his July 2016 reappearance before the Board pending the resolution of this appeal.

[2]  The Board promulgated regulations, effective July 30, 2014, that will be applicable to petitioner's next appearance (see 9 NYCRR 8002.3) but were not in effect when the Board's decision in this matter was issued on July 21, 2014.

§ 259-i [5]; Matter of Silmon v Travis, 95 NY2d 470, 476 [2000]; Matter of Furman v Annucci, 138 AD3d 1269, 1270 [2016], lv dismissed 27 NY3d 1188 [2016]).  Petitioner's remaining claims have been considered and determined to lack merit.

Peters, P.J., Egan Jr., Lynch, Clark and Aarons, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court