Appeal from a judgment of the Supreme Court (Collins, J.), entered May 3, 2016 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner’s request for parole release.
Petitioner was sentenced to 25 to 50 years in prison in 1993 upon his convictions, following a jury trial, of rape in the first degree, burglary in the first degree, sexual abuse in the first degree and assault in the first degree.[1] The convictions stem from petitioner’s actions in entering a home at night and beating and raping the victim (People v Bush, 266 AD2d 642, 642- *1393 643 [1999], lv denied 94 NY2d 917 [2000]). On October 29, 2014, petitioner appeared before the Board of Parole for the second time and, following a hearing, his request for parole release was denied and he was ordered held an additional 24 months,[2] which was administratively affirmed. Petitioner commenced this CPLR article 78 proceeding challenging the denial and, following joinder of issue, Supreme Court dismissed the petition in a written decision. Petitioner now appeals.
We affirm. Parole release decisions are discretionary and will not be disturbed on judicial review provided that the Board complied with the statutory requirements set forth in Executive Law § 259-i (see Matter of Ward v New York State Div. of Parole, 144 AD3d 1375, 1376 [2016]). The record, particularly the hearing transcript and the Board’s decision, reflects that the Board considered the relevant factors, including petitioner’s interview, the serious nature of his convictions, his commission of these crimes while on probation, his criminal history, institutional achievements and program efforts and his current sex offender treatment. The Board further considered petitioner’s disciplinary record, including tier II and III violations since his last appearance, the latter for possessing sexually inappropriate pictures for which he was discharged from sex offender treatment. The Board also properly reviewed the sentencing minutes and presentence report and was entitled, in its discretion, to place greater emphasis on the brutal nature of these crimes (see Matter of Crawford v New York State Bd. of Parole, 144 AD3d 1308, 1309 [2016]). Contrary to petitioner’s claim, the Board considered the COMPAS Risk and Needs Assessment instrument scores, which were mixed, indicating that, upon release, among other things, he was a medium risk for criminal involvement and that substance abuse was probable, which is relevant to his risk of reoffense given that he had consumed alcohol prior to these crimes (see id.). Nor is there merit to petitioner’s claim that the decision to deny him parole was predetermined by an unwritten policy to deny parole to sex offenders who are at moderate or high risk of reoffending. Petitioner’s remaining contentions also lack merit and, given that the Board’s decision was not irrational or arbitrary and capricious, we decline to disturb it (see Matter of Silmon v Travis, 95 NY2d 470, 476 [2000]; Matter of Ward v New York State Div. of Parole, 144 AD3d at 1377).
Peters, P.J., Garry, Egan Jr., Clark and Aarons, JJ., concur.
Ordered that the judgment is affirmed, without costs.

. Petitioner’s maximum aggregate sentence was reduced by statute to 20 to 40 years in prison (see Matter of Bush v Fischer, 117 AD3d 1296, 1297 [2014]).

. Petitioner requested postponement of his October 2016 reappearance before the Board, which was rescheduled for April 2017.