■ In the Matter of MANUEL BETANCOURT, Appellant, v TINA M. STANFORD, as Chair of the Board of Parole, Respondent. [49 NYS3d 315]—

Egan Jr., J.P. Appeal from a judgment of the Supreme Court (LaBuda, J.), entered April 29, 2016 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving an aggregate prison term of 27⅓ years to life following his conviction of, among other things, murder in the second degree and criminal possession of a weapon in the third degree. Petitioner appeared before the Board of Parole, and his request for parole release was denied. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the determination.

Supreme Court dismissed the petition, and this appeal ensued.

We affirm. A review of the record establishes that, in rendering its discretionary determination to deny petitioner's parole release request, the Board considered the relevant statutory and regulatory factors, including petitioner's disciplinary history, program accomplishments, educational achievements and

plans upon release, his COMPAS Risk and Needs Assessment instrument, the seriousness of the instant offense, the sentencing minutes and his refusal to discuss the murder (*see* Executive Law § 259-i [2] [c] [A]; 9 NYCRR 8002.3). Although the Board placed particular emphasis upon the heinous nature of the murder for hire that petitioner committed by stabbing the victim 17 times while the victim's six-year-old daughter was sleeping in a nearby room, the Board "was not required to give equal weight to or specifically discuss each factor it considered in making the determination" (*Matter of Mullins v New York State Bd. of Parole*, 136 AD3d 1141, 1142 [2016]; *see Matter of Santos v Evans*, 81 AD3d 1059, 1060 [2011]). Moreover, we find that the Board's decision sufficiently set forth its reasoning in denying petitioner's request for parole release (*see Matter of Comfort v New York State Div. of Parole*, 68 AD3d 1295, 1296 [2009]). As the record demonstrates that the determination is not the result of "irrationality bordering on impropriety" (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000] [internal quotation marks and citation omitted]), but, rather, a proper exercise of the Board's discretionary authority, further judicial review is precluded (*see Mullins v New York State Bd. of Parole*, 136 AD3d at 1142).

Finally, respondent concedes that petitioner's reappearance date before the Board was improperly calculated. As respondent has issued an amended decision reflecting petitioner's scheduled reappearance before the Board in June 2017, petitioner's challenge thereto is moot. Petitioner's remaining contentions, to the extent that they are preserved for our review, have been examined and found to be without merit.

Lynch, Rose, Clark and Mulvey, JJ., concur. Ordered that the judgment is affirmed, without costs.