Appeal from a judgment of the Supreme Court (McGrath, J.), entered June 29, 2016 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner’s request for parole release.
*1503 In 1974, two police officers stopped a vehicle in which petitioner was a passenger and arrested the driver for a vehicle code violation. When the officers led the driver away, petitioner got out of the vehicle and fired two or three shots at the officers, fatally injuring one of them when a bullet punctured his lung and main artery. Thereafter, petitioner was convicted of murder, attempted murder and criminal possession of a weapon, and he is currently serving a sentence of 25 years to life.
In April 2015, petitioner made his ninth appearance before the Board of Parole and his request for parole release was again denied. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the petition and this appeal ensued.
We are unpersuaded by petitioner’s assertion that the Board’s decision was based upon erroneous information consisting of a statement by a member of the Board that a police officer “got shot in the head” during the crime. Undisputably, this statement is inaccurate as the record confirms that the police officer was killed as a result of a bullet entering the right chest and back that caused internal hemorrhaging. Nevertheless, there is no indication that the Board relied on the inaccurate statement regarding the particulars of the crime in making its determination (see Matter of Khatib v New York State Bd. of Parole, 118 AD3d 1207, 1208 [2014]; Matter of Restivo v New York State Bd. of Parole, 70 AD3d 1096, 1097 [2010]). Further, despite being given an opportunity during the hearing, petitioner did not correct the inaccuracy when discussing the details of the crime (see generally Matter of Abascal v New York State Bd. of Parole, 23 AD3d 740, 741 [2005]; Matter of Morel v Travis, 278 AD2d 580, 581 [2000], appeal dismissed and lv denied 96 NY2d 752 [2001]).
Notwithstanding petitioner’s contention to the contrary, our review of the record reveals that the Board considered the relevant statutory factors in rendering its determination. Although the Board placed particular emphasis on the nature of the crime, it also noted petitioner’s positive institutional accomplishments and assessment. As recognized by petitioner, the Board is not required to give equal weight to or discuss each factor (see Matter of Wiley v State of N.Y. Dept. of Corr. & Community Supervision, 139 AD3d 1289, 1290 [2016]). Petitioner’s remaining contentions were not raised on administrative appeal and, therefore, are unpreserved for our review (see Matter of Delrosario v Stanford, 140 AD3d 1515, 1516 [2016]; Matter of Hernandez v Alexander, 64 AD3d 819, 819 [2009]).
*1504 Peters, P.J., McCarthy, Egan Jr., Lynch and Aarons, JJ., concur.
Ordered that the judgment is affirmed, without costs.