■ In the Matter of RUBEN GONZALVO, Appellant, v TINA M. STANFORD, as Chair of the Board of Parole, Respondent. [56 NYS3d 896]—

Appeal from a judgment of the Supreme Court (Schick, J.), entered December 13, 2016 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1997, petitioner was convicted of murder in the first degree—committed during his second term of parole—and he was sentenced to 20 years to life in prison. In February 2016, he made his initial appearance before the Board of Parole seeking to be released to parole supervision. At the conclusion of the hearing, his request was denied and he was ordered held for an additional 24 months. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the denial. After respondent served an answer, Supreme Court dismissed the petition and this appeal ensued.

Initially, we find no merit to petitioner's claim that, in denying his request for parole release, the Board relied on erroneous information that he killed a police officer. The record reveals that although there was some confusion at the start of the hearing over the circumstances of petitioner's crimes, the District Attorney's office provided corrected information that petitioner had killed a civilian, not a police officer, and this was specifically noted during the hearing. Thus, there is no

indication that the Board relied on incorrect information in denying petitioner's request (*see Matter of Perea v Stanford*, 149 AD3d 1392, 1393 [2017]; *Matter of Veras v New York State Div. of Parole*, 56 AD3d 878, 879 [2008]). Rather, the Board considered and applied the relevant statutory and regulatory factors, including the serious nature of petitioner's crimes, his criminal history, his substance abuse history and risk of future drug abuse, his prison disciplinary record, his program accomplishments, his postrelease plans and the inconsistent sentencing minutes (*see* Executive Law § 259-i [2] [c] [A]; 9 NYCRR 8002.3; *Matter of Mays v Stanford*, 150 AD3d 1521, 1522 [2017]; *Matter of Betancourt v Stanford*, 148 AD3d 1497, 1497-1498 [2017]). Consistent with the provisions of 9 NYCRR 8002.3 (a) (11) and (12), the Board also took into account the COMPAS Risk and Needs Assessment instrument, as well as the transitional accountability plan, and was not required to give these considerations any greater weight than the other relevant factors (*see e.g. Matter of Mays v Stanford*, 150 AD3d at 1522; *Matter of Crawford v New York State Bd. of Parole*, 144 AD3d 1308, 1309 [2016], *lv denied* 29 NY3d 901 [2017]).\* Furthermore, we are not persuaded that the Board's commissioners who were present during the hearing exhibited bias toward petitioner or predetermined the outcome of the hearing (*see Matter of Hernandez v McSherry*, 271 AD2d 777, 778 [2000], *lv denied* 95 NY2d 769 [2000]). Inasmuch as the Board's decision does not evince " 'irrationality bordering on impropriety' " (*Matter of Partee v Evans*, 117 AD3d 1258, 1259 [2014], *lv denied* 24 NY3d 901 [2014], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.

Garry, J.P., Lynch, Clark, Aarons and Pritzker, JJ., concur. Ordered that the judgment is affirmed, without costs.

 ---

\* Although a transitional accountability plan was prepared for petitioner, one was not required as petitioner was admitted to prison well before the effective date of the legislation imposing this requirement (*see Matter of Wiley v State of N.Y. Dept. of Corr. & Community Supervision*, 139 AD3d 1289, 1290 [2016]).