Appeal from a judgment of the Supreme Court (Ferreira, J.), entered January 25, 2017 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner’s request for parole release.
 

 In 1999, petitioner was convicted of, among other things, murder in the second degree and was sentenced to an aggregate prison term of 17½ years to life. Petitioner made his first regular appearance before the Board of Parole in November 2015, at which time his request for release was denied and a 24-month hold was imposed. Following an unsuccessful administrative appeal, petitioner commenced this proceeding pursuant to CPLR article 78 challenging the Board’s determination. Supreme Court dismissed the petition, and this appeal ensued.
 

 We affirm. “It is well established that parole release decisions are discretionary and will not be disturbed so long as the Board complied with the statutory requirements of Executive Law § 259-i” (Matter of Wade v Stanford, 148 AD3d 1487, 1488 [2017]; see Matter of Bush v Annucci, 148 AD3d 1392, 1393 [2017]). As respondents correctly note, in addition to the statutory factors set forth in Executive Law § 259-i (2) (c) (A), the Board is required to consider both the COMPAS Risk and Needs Assessment instrument (see Executive Law § 259-c [4]; 9 NYCRR 8002.3 [a] [11]) and the most current transitional accountability plan or case plan (see Correction Law § 71-a; 9 NYCRR 8002.3 [a] [12]). The Board is not, however, required to give the cited instruments any greater weight or consideration than the other relevant statutory factors (see Matter of Gonzalvo v Stanford, 153 AD3d 1021, 1021 [2017]).
 

 Contrary to petitioner’s assertion, our review of the record reveals that the Board indeed considered the relevant statutory factors in reaching its determination, including the serious nature of — and petitioner’s role in — the underlying crimes, petitioner’s prison disciplinary history, his program accomplishments and his postrelease plans, as well as the COMPAS instrument and case plan prepared in this matter (see Executive Law § 259-i [2] [c] [A]; 9 NYCRR 8002.3; Matter of Gonzalvo v Stanford, 153 AD3d at 1021; Matter of Perea v Stanford, 149 AD3d 1392, 1393 [2017]). Notably, “the Board was not required to give equal weight to or specifically discuss each factor it considered in making the determination” (Matter of Betancourt v Stanford, 148 AD3d 1497, 1498 [2017] [internal quotation marks and citation omitted]; see Matter of Gordon v Stanford, 148 AD3d 1502, 1503 [2017]). Upon reviewing the record as a whole, we find that the Board’s decision does not reflect “irrationality bordering on impropriety” (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000] [internal quotation marks and citation omitted]) and, as such, it will not be disturbed. Petitioner’s remaining contentions, including his arguments concerning the manner in which the Department of Corrections and Community Supervision allegedly utilizes the software employed in generating the COMPAS instrument and case plan, have been examined and found to be lacking in merit.
 

 Peters, P.J., McCarthy, Rose, Devine and Pritzker, JJ., concur.
 

 Ordered that the judgment is affirmed, without costs.