Matter of Peralta v New York State Bd. of Parole (2018 NY Slip Op 00372)





Matter of Peralta v New York State Bd. of Parole


2018 NY Slip Op 00372


Decided on January 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2018

525015

[*1]In the Matter of DOMINGO PERALTA, Appellant,
v
NEW YORK STATE BOARD OF PAROLE, Respondent.

Calendar Date: December 13, 2017

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ.


Domingo Peralta, Sonyea, appellant pro se.
Eric T. Schneiderman, Attorney General, Albany (Patrick A. Woods of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Feldstein, J.), entered May 15, 2017 in St. Lawrence County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.
In 1998, petitioner was convicted of three counts of murder in the first degree and was sentenced to concurrent prison terms of 20 years to life. In January 2016, he made his initial appearance before respondent seeking to be released to parole supervision. At the conclusion of the hearing, his request was denied and he was ordered held for an additional 24 months. Petitioner's subsequent administrative appeal was unsuccessful. Thereafter, petitioner commenced this CPLR article 78 proceeding and, following joinder of issue, Supreme Court dismissed the
petition. This appeal by petitioner ensued.
We affirm. "Where [respondent] has complied with the statutory requirements governing parole procedures, judicial intervention is warranted only when there is a showing of irrationality bordering on impropriety" (Matter of Tran v Evans, 126 AD3d 1196, 1196 [2015] [internal quotation marks, brackets and citations omitted]; see Matter of Bush v Annucci, 148 AD3d 1392, 1393 [2017]). Although respondent placed particular emphasis on the nature of the crime, the record establishes that it also appropriately considered relevant statutory factors, including the COMPAS Risk and Needs Assessment instrument, sentencing minutes and petitioner's institutional disciplinary record (see Matter of Perea v Stanford, 149 AD3d 1392, 1393 [2017]; Matter of Bush v Annucci, 148 AD3d at 1393). To that end, "[respondent] was not [*2]required to place equal weight on each statutory factor that it considered" (Matter of Paniagua v Stanford, 153 AD3d 1018, 1019 [2017]). Contrary to petitioner's contention, "[t]he existence of the deportation order does not require that parole be granted, but is a factor for [respondent] to consider" (Matter of Delrosario v Stanford, 140 AD3d 1515, 1515 [2016]; see Executive Law § 259-i [2] [c] [A] [iv]; Matter of Lackwood v New York State Div. of Parole, 127 AD3d 1495, 1495 [2015]). Inasmuch as petitioner does not demonstrate that respondent's decision is the result of "'irrationality bordering on impropriety'" (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]), it will not be disturbed.
Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.