Matter of Applegate v New York State Bd. of Parole (2018 NY Slip Op 05650)





Matter of Applegate v New York State Bd. of Parole


2018 NY Slip Op 05650


Decided on August 2, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 2, 2018

525770

[*1]In the Matter of BRADFORD APPLEGATE, Appellant, 
v
NEW YORK STATE BOARD OF PAROLE, Respondent.

Calendar Date: June 8, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Clark and

 Pritzker, JJ.

Bradford Applegate, Beacon, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from a judgment of the Supreme Court (Zwack, J.), entered September 26, 2017 in Columbia County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.
Petitioner is currently serving an aggregate prison sentence of 26&frac13; years to life upon his 1989 conviction of depraved indifference murder in the second degree and other crimes (People v Applegate, 176 AD2d 888, 888 [1991], lv denied 79 NY2d 853 [1992]). The convictions stem from his conduct while on probation in beating a 22-year-old woman to death and dumping her weighted body in a river, and then fleeing to another state (id. at 888-889). Petitioner appeared before respondent for his second appearance in November 2016. After the hearing, respondent determined that release would not be appropriate at that time and held petitioner for an additional 24 months, and that determination was upheld on administrative appeal. Petitioner commenced this CPLR article 78 proceeding seeking, among other relief, to annul that determination. Supreme Court dismissed the petition in a thorough written decision, and petitioner now appeals.
We affirm. It is well-established that "parole release decisions are discretionary and will not be disturbed as long as [respondent] complied with the statutory requirements set forth in Executive Law § 259-i and the determination does not evince irrationality bordering on impropriety" (Matter of Constant v Stanford, 157 AD3d 1175, 1175 [2018] [internal quotation marks and citations omitted]). Contrary to petitioner's arguments, respondent considered all of the relevant factors and was free to place emphasis on the brutal nature of the crime and was not required to give equal weight to each statutory factor in denying petitioner's request (see Matter of Arena v New State Dept. of Corr. & Community Supervision, 156 AD3d 1101, 1102 [2017]; Matter of Lewis v Stanford, 153 AD3d 1478, 1478-1479 [2017]; Matter of Crawford v New York State Bd. of Parole, 144 AD3d 1308, 1309 [2016], lv denied 29 NY3d 901 [2017]). Specifically, the record reflects that respondent also expressly and appropriately considered other relevant statutory factors, including the COMPAS Risk and Needs Assessment instrument, petitioner's release plans and family/community support, his positive program accomplishments, his minimization of the crimes during the appearance, the sentencing report and his prison disciplinary record, which reflected commendable behavior reports, letters of support and his criminal history (see Matter of Peralta v New York State Bd. of Parole, 157 AD3d 1151, 1151 [2018]; Matter of Franza v Stanford, 155 AD3d 1291, 1291-1292 [2017], lv denied 30 NY3d 911 [2018])[FN1]. We further find that respondent discussed many of the statutory factors in its decision and provided sufficient detail to inform petitioner of the reasons for the denial of parole (see Executive Law § 259-i [2] [a] [i]), and we find no error in its consideration of a letter in opposition from the Nassau County District Attorney, which was submitted in camera (see Executive Law § 259-i [2] [c] [A] [vii])[FN2]. We have rejected the contention raised by petitioner that respondent was required to adopt regulations to implement the 2011 amendments to Executive Law § 259-c (4) regarding risk and needs assessments for parole release determinations (see Matter of Montane v Evans, 116 AD3d 197, 199-203 [2014], appeal dismissed 24 NY3d 1052 [2014]). As petitioner has not demonstrated that respondent's decision is the result of "irrationality bordering on impropriety," it will not be disturbed (Matter of Peralta v New York State Bd. of Parole, 157 AD3d at 1152 [internal quotation marks and citations omitted]).
Finally, to the extent that petitioner seeks relief in the nature of a writ of habeas corpus, were we to consider this CPLR article 78 proceeding as also a proceeding pursuant to CPLR article 70 (see CPLR 103 [a]), we would find that petitioner has not demonstrated entitlement to immediate release and, thus, habeas relief is unavailable (see People ex rel. D'Amico v Lilley, 153 AD3d 1493, 1494-1495 [2017]). Petitioner's remaining claims have been examined and, to the extent that they are preserved, have been found lacking in merit.
McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: A transitional accountability plan was not required given that petitioner was incarcerated years before those requirements, which are prospective, went into effect (see Correction Law § 71-a; Matter of Rivera v New York State Div. of Parole, 119 AD3d 1107, 1108 [2014]). Further, the 2017 amendments to the governing regulation, 9 NYCRR 8002.2, do not apply to a decision by respondent issued over a year earlier.

Footnote 2: Supreme Court incorrectly stated that respondent had not considered the District Attorney's letter.