Matter of Espinal v New York State Bd. of Parole (2019 NY Slip Op 04080)





Matter of Espinal v New York State Bd. of Parole


2019 NY Slip Op 04080


Decided on May 23, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 23, 2019

528392

[*1]In the Matter of CESAR ESPINAL, Appellant,
v
NEW YORK STATE BOARD OF PAROLE et al., Respondents.

Calendar Date: April 22, 2019

Before: Egan Jr., J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Robert Caliendo, New York City, for appellant.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondents.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the Supreme Court (Ferreira, J.), entered June 25, 2018 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Parole denying petitioner's request for parole release.
Petitioner is serving concurrent prison terms — the longest of which is 15 years to life — upon his convictions of murder in the second degree, attempted assault in the second degree and robbery in the first degree (two counts). In June 2017, petitioner reappeared before respondent Board of Parole and, following a hearing, his request for parole release was denied, and he was ordered held for an additional 24 months. Petitioner's administrative appeal was unsuccessful, and he thereafter commenced this CPLR article 78 proceeding to challenge the Board's determination. Supreme Court dismissed the proceeding, prompting this appeal.
We affirm. "It is well settled that parole release decisions are discretionary and will not be disturbed as long as the Board complied with the statutory requirements set forth in Executive Law § 259-i" (Matter of Cobb v Stanford, 153 AD3d 1500, 1501 [2017] [citations omitted]; accord Matter of Rodriguez v New York State Bd. of Parole, 168 AD3d 1342, 1343 [2019]; see Matter of Boccadisi v Stanford, 133 AD3d 1169, 1170 [2015]). The record here, including the hearing transcript and the Board's decision, reflects that the Board considered the relevant statutory factors in denying petitioner's request for parole release, including petitioner's criminal history, the seriousness of the instant offenses, petitioner's conduct while confined, his substance abuse history, his impending completion of a substance abuse program, his release plans and the fact that he was under a deportation order (see e.g. Matter of Robinson v New York State Bd. of Parole, 162 AD3d 1450, 1451 [2018]; Matter of Constant v Stanford, 157 AD3d 1175, 1176 [2018]; Matter of Peralta v New York State Bd. of Parole, 157 AD3d 1151, 1151 [2018]). Additionally, the Board reviewed the relevant sentencing minutes and petitioner's COMPAS Risk [*2]and Needs Assessment scores, the latter of which yielded "mixed" results (Matter of Bush v Annucci, 148 AD3d 1392, 1393 [2017]). The Board was not required to give equal weight to — or expressly discuss — each of the statutory factors (see Matter of Lewis v Stanford, 153 AD3d 1478, 1478-1479 [2017]; Matter of Crawford v New York State Bd. of Parole, 144 AD3d 1308, 1309 [2016], lv denied 29 NY3d 901 [2017]; Matter of Mullins v New York State Bd. of Parole, 136 AD3d 1141, 1142 [2016]), and, although petitioner was under a deportation order, "this was simply another factor for [the Board] to consider and did not guarantee petitioner's release" (Matter of Rodriguez v New York State Bd. of Parole, 168 AD3d at 1343; see Matter of Peralta v New York State Bd. of Parole, 157 AD3d at 1151; Matter of Perea v Stanford, 149 AD3d 1392, 1393 [2017]). Finally, and contrary to petitioner's assertion, the record before us makes clear that the Board did not deny petitioner's request for release solely upon his history of disciplinary infractions (cf. Matter of Gonzalez v Chair, N.Y. State Bd. of Parole, 72 AD3d 1368, 1369 [2010]; Matter of Alamo v New York State Div. of Parole, 52 AD3d 1163, 1163 [2008]). In short, as the Board's decision does not evince "irrationality bordering on impropriety" (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000] [internal quotation marks and citation omitted]), we will not disturb it (see Matter of Applegate v New York State Bd. of Parole, 164 AD3d 996, 998 [2018]). Petitioner's remaining arguments have been examined and found to be lacking in merit.
Egan Jr., J.P., Mulvey, Devine and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.