Matter of Jones v New York State Bd. of Parole (2019 NY Slip Op 06557)





Matter of Jones v New York State Bd. of Parole


2019 NY Slip Op 06557


Decided on September 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 12, 2019

528203

[*1]In the Matter of Robert A. Jones, Appellant,
v
New York State Board of Parole, Respondent.

Calendar Date: August 30, 2019

Before: Egan Jr., J.P., Clark, Devine, Rumsey and Pritzker, JJ.


Robert A. Jones, Attica, appellant pro se.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Collins, J.), entered November 7, 2018 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.
In 1994, petitioner was convicted of the 1987 kidnapping, rape and murder of a 16-year-old girl and is serving a negotiated prison sentence of 18 years to life, to run concurrently with a federal prison term stemming from petitioner engaging in a series of bank robberies. In August 2017, petitioner made his fourth appearance before respondent. At the conclusion of the hearing, respondent denied petitioner's request for parole release and ordered petitioner held for an additional 24 months. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, and this appeal by petitioner ensued.
We affirm. "It is well settled that parole release decisions are discretionary and will not be disturbed as long as [respondent] complied with the statutory requirements of Executive Law § 259-i" (Matter of Espinal v New York State Bd. of Parole, 172 AD3d 1816, 1817 [2019] [internal quotation marks and citations omitted]; see Matter Platten v New York State Bd. of Parole, 153 AD3d 1509, 1509 [2017]; Matter of Bush v Annucci, 148 AD3d 1392, 1393 [2017]). The record reflects that respondent considered the relevant statutory factors in denying petitioner's request for parole release, including petitioner's differing scores on the COMPAS Risk and Needs Assessment instrument, the serious nature of the offenses, petitioner's positive programming accomplishments while incarcerated, his failure to complete sex offender therapy, his plans upon release, the presentence investigation report, the sentencing minutes and the letters in support and in opposition to petitioner's release (see Matter of Pedraza v New York State Bd. of Parole, 166 AD3d 1194, 1194 [2018]; Matter of Applegate v New York State Bd. of Parole, 164 AD3d 996, 997 [2018]). Respondent, which is not required to give equal weight to each of the statutory factors, placed particular emphasis on petitioner's troubling course of conduct both during and after the commission of the instant offenses, his unwillingness to discuss his criminal history and lack of completion of the required sex offender therapy program (see Matter of Tafari v Cuomo, 170 AD3d 1351, 1352 [2019], lv denied 33 NY3d 907 [2019]; Matter of Applegate v New York State Bd. of Parole, 164 AD3d at 997).
Petitioner's contention that respondent considered erroneous or incomplete information in making its determination is unpersuasive. Although petitioner informed respondent that its file was allegedly missing a packet submitted by his attorney at his initial parole hearing containing letters of support for his release, he specifically stated that his attorney was awaiting the outcome of the instant hearing before addressing the issue. Moreover, petitioner declined to discuss the particulars of the information allegedly missing or to submit additional, updated material, despite an opportunity to do so. In view of the foregoing, we do not find that respondent's determination exhibits "'irrationality bordering on impropriety,'" and, therefore, it will not be disturbed (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]; see Matter of Payne v Stanford, 173 AD3d 1577, 1578 [2019]). We have reviewed petitioner's remaining contentions and, to the extent that they are preserved, find them to be without merit.
Egan Jr., J.P., Clark, Devine, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.