■ In the Matter of FRANK RODRIGUEZ, Appellant, v ANDREA EVANS, as Chair of the Division of Parole, Respondent. [958 NYS2d 529]—

Appeal from a judgment of the Supreme Court (McNamara, J.), entered July 2, 2012 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1992, petitioner robbed the realty office where he used to work and fatally shot the owner. As a result, petitioner was convicted of murder in the second degree, two counts of robbery in the first degree and criminal possession of a weapon in the second degree, and was sentenced as a second violent felony offender to an aggregate term of 25 years to life in prison. In 2011, he made his third appearance before the Board of Parole seeking to be released to parole supervision. At the conclusion

of the hearing, his request was denied and he was ordered held for an additional 24 months. After this determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and petitioner now appeals.

Petitioner points out that he was convicted of felony murder under Penal Law § 125.25 (3) and contends that the Board relied upon erroneous information that he committed depraved indifference murder under Penal Law § 125.25 (2) in reaching its decision to deny him parole release. This claim is not supported by the record. While the Board commented that petitioner's behavior exhibited a depraved indifference to human life, there is no indication that it misunderstood his underlying murder conviction. In addition to the violent nature of the crimes committed by petitioner, the Board considered petitioner's criminal history, prior parole violations, prison disciplinary record, program accomplishments and postrelease plans in denying him release. These were all appropriate statutory factors for the Board to take into account under Executive Law § 259-i (*see Matter of Valentino v Evans*, 92 AD3d 1054, 1055 [2012]; *Matter of Veras v New York State Div. of Parole*, 56 AD3d 878, 879 [2008]), and it was not required to give each factor equal weight (*see Matter of MacKenzie v Evans*, 95 AD3d 1613, 1614 [2012], *lv denied* 19 NY3d 815 [2012]; *Matter of Wright v Alexander*, 71 AD3d 1270, 1271 [2010]). Accordingly, inasmuch as the Board's decision does not exhibit " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.

Peters, P.J., Mercure, Spain, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.