*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 23, 2015                    520046
_____

In the Matter of MARK
    LACKWOOD,
                        Appellant,

        v                                    MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF
    PAROLE,
                        Respondent.
_____

Calendar Date:  March 31, 2015

Before:  McCarthy, J.P., Garry, Rose and Devine, JJ.

                    _____

        Mark Lackwood, Otisville, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen M. Arnold of counsel), for respondent.

                    _____

        Appeal from a judgment of the Supreme Court (Collins, J.), entered September 29, 2014 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

        In 1995, petitioner was convicted of murder in the second degree and two counts of robbery in the first degree.  He was sentenced to concurrent prison terms of 15 years to life on the murder conviction and 12½ to 25 years on the robbery convictions. In April 2013, he made his third appearance before the Board of Parole seeking to be released to parole supervision.  At the conclusion of the hearing, the Board denied his request and ordered him held for 24 months.  When a timely decision was not issued on his administrative appeal, he commenced this CPLR

article 78 proceeding.[1]  Following joinder of issue, Supreme Court dismissed the petition and this appeal by petitioner ensued.

Initially, we note that parole release determinations are discretionary and will not be disturbed so long as the Board complied with the statutory requirements set forth in Executive Law § 259-i (see Matter of Delacruz v Annucci, 122 AD3d 1413, 1413 [2014]; Matter of Delrosario v Evans, 121 AD3d 1152, 1152-1153 [2014]).  In making its decision, the Board is not required to give equal weight to each factor delineated in the statute (see Matter of Singh v Evans, 118 AD3d 1209, 1210 [2014], lv denied 24 NY3d 906 [2014]; Matter of Sanchez v Divison of Parole, 89 AD3d 1305, 1306 [2011]).  Here, the record discloses that the Board considered not only the serious nature of petitioner's crimes, but also his criminal history, prison disciplinary record, program accomplishments and postrelease plans, as well as the sentencing minutes and his low COMPAS Risk and Needs Assessment score (see Matter of Delrosario v Evans, 121 AD3d at 1153; Matter of Rivers v Evans, 119 AD3d 1188, 1188-1189 [2014]). In addition, the Board gave due consideration to the outstanding deportation order, which is only one of the many factors that it was required to consider (see Matter of Borrell v New York State Div. of Parole, 123 AD3d 1206, 1206-1207 [2014]).  Although petitioner further contends that the Board failed to promulgate written guidelines to comply with the 2011 amendment to Executive Law § 259-c (4), this argument has previously been considered and rejected by this Court (see Matter of Montane v Evans, 116 AD3d 197, 200-203 [2014], appeal dismissed 24 NY3d 1052 [2014]).  In sum, inasmuch as the Board's determination does not exhibit "'irrationality bordering on impropriety'" (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]), we decline to disturb it.

McCarthy, J.P., Garry, Rose and Devine, JJ., concur.

---

[1]  The Board's decision was eventually affirmed on administrative appeal.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court