*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 2, 2015                      520119
_____

In the Matter of GEORGE HILL,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

NEW YORK STATE BOARD OF PAROLE,
                    Respondent.
_____

Calendar Date:  June 8, 2015

Before:  Peters, P.J., McCarthy, Egan Jr. and Clark, JJ.

                        _____


        George Hill, Ossining, appellant pro se.


                        _____


        Appeal from a judgment of the Supreme Court (McNally Jr., J.), entered November 12, 2014 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent which denied petitioner's request for parole release.

        In 1991, petitioner was involved in an incident in which he shot a police officer multiple times, seriously injuring him. Petitioner was subsequently convicted of numerous crimes, the most serious of which was attempted murder in the first degree for which he is currently serving a term of 20 years to life in prison.  In July 2013, he made his second appearance before respondent seeking to be released to parole supervision. Respondent denied his request and imposed a 24-month hold. Petitioner took an administrative appeal and, when it was not decided within four months, he commenced this CPLR article 78 proceeding.  Following joinder of issue, Supreme Court dismissed the petition and this appeal followed.

Initially, we note that parole release decisions are discretionary and will not be disturbed so long as respondent complied with the statutory requirements set forth in Executive Law § 259-i (see Matter of Campbell v Evans, 106 AD3d 1363, 1363 [2013]; Matter of Ruiz v New York State Div. of Parole, 70 AD3d 1162, 1163 [2010]). Contrary to petitioner's claim, the record here reveals that respondent considered the relevant statutory factors in denying his request. Specifically, respondent took into account not only the serious nature of petitioner's crimes, but also his criminal history, relatively clean prison disciplinary record, positive program accomplishments, postrelease plans, as well as the sentencing minutes and the COMPAS Risk and Needs Assessment instrument (see Matter of Lackwood v New York State Div. of Parole, 127 AD3d 1495, 1495; Matter of Diaz v New York State Dept. of Corrections & Community Supervision, 127 AD3d 1493, 1494 [2015]). Notably, respondent was not required to give each of these factors equal weight (see Matter of Lackwood v New York State Div. of Parole, 127 AD3d at 1495; Matter of Singh v Evans, 118 AD3d 1209, 1210 [2014], lv denied 24 NY3d 906 [2014]). Moreover, in view of our decision in Matter of Montane v Evans (116 AD3d 197, 202-203 [2014], appeal dismissed 24 NY3d 1052 [2014]), we find no merit to petitioner's claim that respondent failed to comply with the 2011 amendments to Executive Law § 259-c (4).[1] Similarly, given that petitioner was incarcerated well before the 2011 amendments to Correction Law § 71 became effective, respondent was not required to devise a transitional accountability plan for petitioner (see Matter of Borges v Stanford, 127 AD3d 1491, 1491 [2015]; Matter of Delacruz v Annucci, 122 AD3d 1413, 1414 [2014]). Petitioner's remaining arguments, including his challenge to the length of the 24-month hold, have been considered and are unavailing. Inasmuch as respondent's determination does not exhibit "'irrationality bordering on impropriety'" (Matter of Partee v Evans, 117 AD3d 1258, 1259 [2014], lv denied 24 NY3d 901 [2014], quoting Matter

---

[1] Subsequent to the denial of petitioner's request for parole release, respondent promulgated formal regulations governing parole release decisions (see 9 NYCRR 8002.3) and, as a result, the Court of Appeals dismissed the appeal in Matter of Montane v Evans (supra) as moot.

of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.

Peters, P.J., McCarthy, Egan Jr. and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court