*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   September 17, 2015                    520537
_____

In the Matter of LYNARD K.
    NEAL,
                        Appellant,

        v                                      MEMORANDUM AND ORDER

TINA M. STANFORD, as Chair of
    the Board of Parole,
                        Respondent.
_____

Calendar Date:   August 10, 2015

Before:   Lahtinen, J.P., McCarthy, Egan Jr. and Lynch, JJ.

_____

        Lynard K. Neal, Sonyea, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Frederick
A. Brodie of counsel), for respondent.

_____

        Appeal from a judgment of the Supreme Court (Mott, J.),
entered November 24, 2014 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of the Board of Parole
denying his request for parole release.

        In 2012, petitioner was convicted of felony driving while
intoxicated and was sentenced to 2 to 6 years in prison.  In
November 2013, he made his initial appearance before the Board of
Parole seeking to be released to parole supervision.  The Board
denied his request and ordered him held for an additional 24
months.  Petitioner filed an administrative appeal and, when it
was not decided within four months, he commenced this CPLR
article 78 proceeding.  Following joinder of issue, Supreme Court
dismissed the petition and this appeal ensued.

We affirm. It is well settled that parole release decisions are discretionary and will not be disturbed as long as the Board complied with the statutory requirements set forth in Executive Law § 259-i (see Matter of Delrosario v Evans, 121 AD3d 1152, 1152-1153 [2014]; Matter of Molinar v New York State Div. of Parole, 119 AD3d 1214, 1215 [2014]). Contrary to petitioner's claim, the record here discloses that the Board took into account the relevant statutory factors, including not only the crime of conviction, but also petitioner's criminal history, prison disciplinary record, program accomplishments and postrelease plans, as well as the sentencing minutes and the COMPAS Risk and Needs Assessment instrument (see Matter of Diaz v New York State Dept. of Corrections & Community Supervision, 127 AD3d 1493, 1494 [2015]; Matter of Rivers v Evans, 119 AD3d 1188, 1188 [2014]). The Board further considered petitioner's certificate of earned eligibility and receipt of merit time (see Matter of Reed v Evans, 94 AD3d 1323, 1323 [2012]; Matter of Wright v Alexander, 71 AD3d 1270, 1271 [2010]). Notably, it was not incumbent upon the Board to give each statutory factor equal weight in making its decision (see Matter of Lackwood v New York State Div. of Parole, 127 AD3d 1495, 1495 [2015]; Matter of Sanchez v Division of Parole, 89 AD3d 1305, 1306 [2011]). Accordingly, inasmuch as the Board's decision does not exhibit "'irrationality bordering on impropriety'" (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]), we decline to disturb it.

Lahtinen, J.P., McCarthy, Egan Jr. and Lynch, JJ., concur.

ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court