*1170 Appeal from a judgment of the Supreme Court (McDonough, J.), entered March 2, 2015 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner’s request for parole release.
In 1995, petitioner was convicted of attempted murder in the second degree, two counts of assault in the first degree and intimidating a witness in the first degree. The charges stemmed from petitioner and a codefendant shooting the victim multiple times and leaving him to die in an isolated location, and subsequently threatening the victim not to testify. He was sentenced, in absentia, to an aggregate prison term of 14V2 to 29 years. In 2013, petitioner made his fourth appearance before the Board of Parole seeking to be released on parole supervision. The Board denied his request and ordered him held for an additional 24 months.* Petitioner’s administrative appeal was unsuccessful, prompting him to commence this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.
We affirm. Parole release decisions are discretionary and, absent the Board’s failure to comply with the statutory requirements governing parole procedures, “judicial intervention is warranted only when there is a showing of irrationality bordering on impropriety” (Matter of Dolan v New York State Bd. of Parole, 122 AD3d 1058, 1059 [2014] [internal quotation marks and citations omitted], lv denied 24 NY3d 915 [2015]). Here, the record reflects that the Board took into account the relevant statutory factors, petitioner’s lengthy criminal history, prison disciplinary record and postrelease plans, as well as the instant offense, the sentencing minutes and the COMPAS Risk and Needs Assessment instrument (see Matter of Neal v Stanford, 131 AD3d 1320, 1320 [2015]; Matter of Hill v New York State Bd. of Parole, 130 AD3d 1130, 1130 [2015]). Although the Board placed particular emphasis on the instant crime, the Board is not required to give equal weight to all requisite factors (see Matter of Hill v New York State Bd. of Parole, 130 AD3d at 1131; Matter of Hamilton v New York State Div. of Parole, 119 AD3d 1268, 1271 [2014]). Furthermore, contrary to petitioner’s contention, there is no indication that the Board relied on incor *1171 rect information in denying petitioner’s request for parole release (see Matter of Rivers v Evans, 119 AD3d 1188, 1188-1189 [2014]; Matter of Khatib v New York State Bd. of Parole, 118 AD3d 1207, 1208 [2014]). We are also unpersuaded by petitioner’s contention that the Board failed to comply with the 2011 amendments to Executive Law § 259-c (4) (see Matter of Montane v Evans, 116 AD3d 197, 202-203 [2014], appeal dismissed 24 NY3d 1052 [2014]). Petitioner’s remaining contentions, to the extent that they are preserved for our review, are without merit. Inasmuch as the Board’s decision does not demonstrate “irrationality bordering on impropriety” (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000] [internal quotation marks and citation omitted]), it will not be disturbed.
Lahtinen, J.P., McCarthy, Rose and Devine, JJ., concur. Ordered that the judgment is affirmed, without costs.

 Although 24 months have elapsed since petitioner’s last appearance and he is eligible to reappear before the Board, his request that the hearing be deferred was granted and his next reappearance is scheduled for December 2015.