■ In the Matter of DWIGHT JAMES, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [25 NYS3d 391]—

Appeal from a judgment of the Supreme Court (LaBuda, J.), entered May 28, 2015 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

In 1984, during the course of a supermarket robbery, petitioner shot and killed the proprietor and injured a store employee. Following a jury trial, he was convicted of murder in the second degree, robbery in the first degree and robbery in the second degree. He was sentenced as a second felony offender to an aggregate prison term of 25 years to life, to run concurrently with the sentence imposed upon a prior robbery conviction. In 2014, petitioner made his fourth appearance before respondent seeking to be released to parole supervision. Respondent denied his request and ordered him held for an additional 24 months. Petitioner filed an administrative appeal and, when it was not decided within four months, he commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition. Petitioner now appeals.

We affirm. It is well settled that parole release decisions are discretionary and "will not be disturbed so long as respondent complied with the statutory requirements set forth in Executive Law § 259-i" (*Matter of Hill v New York State Bd. of Parole*, 130 AD3d 1130, 1130 [2015]; *see Matter of Diaz v New York State Dept. of Corrections & Community Supervision*, 127 AD3d 1493, 1494 [2015]). Here, respondent considered the relevant statutory factors, including not only the serious nature of petitioner's crimes, but also his criminal history, prison disciplinary record, program accomplishments and postrelease plans, as well as the sentencing minutes and the COMPAS Risk and Needs Assessment instrument (*see Matter of Hill v New York State Bd. of Parole*, 130 AD3d at 1130; *Matter of Lackwood v New York State Div. of Parole*, 127 AD3d 1495, 1495 [2015]). We note that respondent is not required to give each of the statutory factors equal weight and could, as it did, place greater emphasis on the severity of petitioner's crimes (*see Matter of Feilzer v New York State Div. of Parole*, 131 AD3d 1321, 1322 [2015]; *Matter of Delacruz v Annucci*, 122 AD3d 1413, 1413 [2014]). Although petitioner complains that respondent did not have a folder before it setting forth his accomplishments since his prior appearance, petitioner elected to proceed without the folder and summarized its contents, which respondent accepted, during the course of the hearing. Accordingly, respondent was aware of the relevant information. Petitioner's

remaining arguments have been considered and are lacking in merit. In sum, given that respondent's decision does not exhibit " 'irrationality bordering on impropriety' " (*Matter of Partee v Evans*, 117 AD3d 1258, 1259 [2014], *lv denied* 24 NY3d 901 [2014], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.

Garry, J.P., Lynch, Devine and Clark, JJ., concur. Ordered that the judgment is affirmed, without costs.