*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 3, 2016                    521583
_____

In the Matter of ANTOINE
    MOORE,
                        Appellant,

        v                                    MEMORANDUM AND ORDER

NEW YORK STATE BOARD OF PAROLE,
                        Respondent.
_____


Calendar Date:  January 19, 2016

Before:  McCarthy, J.P., Rose, Lynch and Clark, JJ.

                        _____


        Antoine Moore, Beacon, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Frederick
A. Brodie of counsel), for respondent.

                        _____


        Appeal from a judgment of the Supreme Court (Zwack, J.),
entered May 27, 2015 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondent denying
petitioner's request for parole release.

        Petitioner was convicted of murder in the second degree and
sentenced to 15 years to life in prison.  H was released to
parole supervision and, while on parole, he was involved in an
incident in which he choked his young female cousin until she
lost consciousness.  As a result, his parole was revoked and he
was convicted of, among other things, attempted assault in the
second degree and sentenced to 1½ to 3 years in prison.  In
November 2013, petitioner made his third appearance before
respondent seeking again to be released to parole supervision.
Following a hearing, respondent denied petitioner's request and

ordered him held for an additional 24 months. Petitioner took an administrative appeal and, when it was not decided within four months, he commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.[1]

Initially, we find no merit to petitioner's claim that respondent failed to promulgate written procedures for use in making parole decisions in accordance with the 2011 amendments to Executive Law § 259-c (4). This very argument was considered and rejected by this Court in Matter of Montane v Evans (116 AD3d 197 [2014], appeal dismissed 24 NY3d 1052 [2014]), which is controlling here (see Matter of Hill v New York State Bd. of Parole, 130 AD3d 1130, 1131 [2015]).[2] Contrary to petitioner's assertion, the record reveals that respondent considered the relevant factors set forth in Executive Law § 259-i in evaluating his request for parole release, including not only the seriousness of petitioner's crimes, but also his criminal history, prison disciplinary record, program accomplishments and postrelease plans, as well as the sentencing minutes and the COMPAS Risk and Needs Assessment instrument (see Matter of Hill v New York State Bd. of Parole, 130 AD3d at 1130; Matter of Diaz v New York State Dept. of Corrections & Community Supervision, 127 AD3d 1493, 1494 [2015]). Significantly, respondent was not required to give each factor equal weight and could place greater emphasis on the gravity of petitioner's crimes (see Matter of Feilzer v New York State Div. of Parole, 131 AD3d 1321, 1322 [2015]; Matter of Martinez v Evans, 108 AD3d 815, 816 [2013]). We have considered petitioner's remaining arguments and find them to be unavailing. Given that respondent's decision does not exhibit "irrationality bordering on impropriety" (Matter of

---

[1] Petitioner requested postponement of his November 2015 reappearance before respondent pending the resolution of this appeal.

[2] In any event, we note that respondent has since adopted formal regulations governing parole release decisions (see 9 NYCRR 8002.3) that are applicable to petitioner's next appearance.

<u>Silmon v Travis</u>, 95 NY2d 470, 476 [2000] [internal quotation marks and citation omitted]), we find no reason to disturb it.

McCarthy, J.P., Rose, Lynch and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court