*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 10, 2016                    521324
_____

In the Matter of PETER KING,
                        Appellant,

        v
                                        MEMORANDUM AND ORDER

TINA M. STANFORD, as Chair of
    the Board of Parole,
    Department of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:  January 19, 2016

Before:  McCarthy, J.P., Rose, Lynch and Devine, JJ.

                    _____


        Peter King, Attica, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Laura
Etlinger of counsel), for respondent.

                    _____


        Appeal from a judgment of the Supreme Court (Platkin, J.),
entered June 22, 2015 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of the Board of Parole
denying petitioner's request for parole release.

        Petitioner fatally stabbed a woman during the course of a
burglary and, following a jury trial, he was convicted of a
number of crimes, the most serious of which was murder in the
second degree.  He was sentenced to 25 years to life in prison.
In April 2014, he made his third appearance before the Board of
Parole seeking to be released to parole supervision.  Following a
hearing, his request was denied and he was ordered held for 24
months.  He took an administrative appeal and, when it was not

decided within four months, he commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition, and this appeal ensued.

We affirm. Initially, it is well established that parole release decisions are discretionary and will be not be disturbed so long as the Board complied with the statutory requirements of Executive Law § 259-i (see Matter of Neal v Stanford, 131 AD3d 1320, 1320 [2015]; Matter of Hill v New York State Bd. of Parole, 130 AD3d 1130, 1130 [2015]). Petitioner contends that, contrary to the spirit of the 2011 amendments to the Executive Law, the Board failed to accord proper consideration to the COMPAS Risk and Needs Assessment instrument and also failed to review the sentencing minutes. These assertions, however, are belied by the record. In addition to these factors, the Board took into account the serious nature of petitioner's crimes, his criminal history, prison disciplinary record, program accomplishments and postrelease plans (see Matter of Boccadisi v Stanford, 133 AD3d 1169, 1170 [2015]; Matter of Hill v New York State Bd. of Parole, 130 AD3d at 1130). Notably, the Board was not required to give each statutory factor equal weight and it could place greater emphasis on the serious nature of the crimes (see Matter of MacKenzie v Evans, 95 AD3d 1613, 1614 [2012], lv denied 19 NY3d 815 [2012]; Matter of Matos v New York State Bd. of Parole, 87 AD3d 1193, 1194 [2011]). Accordingly, given that the Board's decision does not exhibit "'irrationality bordering on impropriety'" (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69 [1980]), we find no reason to disturb it.

McCarthy, J.P., Rose, Lynch and Devine, JJ., concur.

-3-                        521324

ORDERED that the judgment is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court