*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 14, 2016                    521159
_____

In the Matter of ROMAN FURMAN,
                        Appellant,

        v
                                        MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
    et al.,
                        Respondents.
_____

Calendar Date:  February 23, 2016

Before:  Lahtinen, J.P., Egan Jr., Rose and Lynch, JJ.

                    _____

        Roman Furman, Wallkill, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Brian D. Ginsberg of counsel), for respondents.

                    _____

        Appeal from a judgment of the Supreme Court (Hard, J.), entered April 28, 2015 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

        Following a fatal automobile accident that occurred as a result of petitioner driving under the influence of alcohol, he was convicted of a number of crimes, the most serious of which was manslaughter in the second degree, and was sentenced to an aggregate prison term of 5 to 15 years.  In April 2014, he made his second appearance before the Board of Parole seeking to be released to parole supervision.  The Board denied him release and ordered him held for an additional 24 months.  He filed an

administrative appeal and, when the Board did not decide it within four months, he commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

We affirm.  It is well settled that parole release decisions are discretionary and will not be disturbed as long as the Board complied with the statutory requirements of Executive Law § 259-i (see Matter of Neal v Stanford, 131 AD3d 1320, 1320 [2015]; Matter of Hill v New York State Bd. of Parole, 130 AD3d 1130, 1130 [2015]).  Petitioner contends that the Board failed to consider the relevant statutory factors in denying him release and focused solely upon the serious nature of his crimes.  The record, however, discloses that the Board considered not only the serious nature of petitioner's crimes, but also his minimal criminal record, prison disciplinary infractions, program accomplishments, certificate of earned eligibility and postrelease plans (see Matter of Sanchez v Division of Parole, 89 AD3d 1305, 1306 [2011]).  The Board further took into account the sentencing minutes and the COMPAS Risk and Needs Assessment instrument (see Matter of Neal v Stanford, 131 AD3d at 1321; Matter of Diaz v New York State Dept. of Corrections & Community Supervision, 127 AD3d 1493, 1494 [2015]).  The Board was not required to give equal weight to each statutory factor and could place greater emphasis on the severity of petitioner's crimes (see Matter of Feilzer v New York State Div. of Parole, 131 AD3d 1321, 1322 [2015]; Matter of Leung v Evans, 120 AD3d 1478, 1479 [2014], lv denied 24 NY3d 914 [2015]).  In view of this, and given that the Board's decision does not exhibit "'irrationality bordering on impropriety'" (Matter of Partee v Evans, 117 AD3d 1258, 1259 [2014], lv denied 24 NY3d 901 [2014], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.

Lahtinen, J.P., Egan Jr., Rose and Lynch, JJ., concur.

ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court