State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  November 17, 2016                    522863
_____

In the Matter of GEORGE WARD,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF
    PAROLE,
                    Respondent.
_____

Calendar Date:  October 25, 2016

Before:  Garry, J.P., Egan Jr., Rose, Devine and Mulvey, JJ.

_____

        George Ward, Sonyea, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Brian D.
Ginsburg of counsel), for respondent.

_____

        Appeal from a judgment of the Supreme Court (Zwack, J.),
entered February 23, 2016 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of the Board of Parole
denying petitioner's request for parole release.

        In 1963, petitioner was convicted of murder in the second
degree after he fatally strangled a 76-year-old woman, then stole
money from her apartment and engaged in sex with her corpse.  He
was sentenced to a lengthy term of incarceration having a maximum
of life in prison.  Petitioner was initially released to parole
supervision in 1975; this attempt failed.  His parole was
subsequently revoked, but was restored thereafter, and petitioner
was given additional opportunities to live a law-abiding life.
Ultimately, in 1990, he was charged with multiple crimes arising
from his forced oral sodomization of two young girls.  Petitioner

thereafter pleaded guilty to two counts of sodomy in the first degree and was sentenced in 1993 to two concurrent prison terms of 6 to 18 years, to run concurrently with the remainder of the sentence that he was serving on his murder conviction. Petitioner has subsequently appeared before the Board of Parole a number of times, the last being his twelfth appearance in November 2014. At the conclusion of the parole interview, the Board denied his request for parole release and ordered him held an additional 24 months. This decision was later affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the denial and, following joinder of issue, Supreme Court dismissed the petition. Petitioner now appeals.

We affirm. It is well settled that parole release decisions are discretionary and will not be disturbed as long as the Board complied with the statutory requirements set forth in Executive Law § 259-i (see Matter of Wiley v State of N.Y. Dept. of Corr. & Community Supervision, 139 AD3d 1289, 1289 [2016]; Matter of King v Stanford, 137 AD3d 1396, 1397 [2016]). Here, the record reveals that the Board took into consideration the relevant statutory factors, including the serious nature of petitioner's sodomy convictions, his commission of these crimes while on parole, his violent criminal history, his minimal prison disciplinary record, his positive program accomplishments, his postrelease plans, the sentencing minutes and the COMPAS Risk and Needs Assessment instrument (see Matter of Wiley v State of N.Y. Dept. of Corr. & Community Supervision, 139 AD3d at 1289; Matter of King v Stanford, 137 AD3d at 1397). Petitioner's claim that the Board neglected to take into account the sentencing minutes is belied by the record, which indicates that the minutes were considered, but do not contain a sentencing recommendation (see Matter of King v Stanford, 137 AD3d at 1397; Matter of Shark v New York State Div. of Parole Chair, 110 AD3d 1134, 1134-1135 [2013], lv dismissed 23 NY3d 933 [2014]). Petitioner's remaining assertions are unavailing. We find, upon review, that the Board's decision does not exhibit "'irrationality bordering on impropriety'" (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]), and we decline to disturb it.

Garry, J.P., Egan Jr., Rose, Devine and Mulvey, JJ., concur.


ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court