■ In the Matter of WILFREDO RIVERA, Appellant, v TINA M. STANFORD, as Chair of the Board of Parole, Respondent. [53 NYS3d 404]—

Appeal from a judgment of the Supreme Court (LaBuda, J.), entered July 11, 2016 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1987, petitioner was convicted of murder in the second degree after he fatally shot an innocent bystander during an altercation with a drug dealer. He was sentenced to 25 years to life in prison. In September 2015, petitioner made his fourth appearance before the Board of Parole seeking to be released to parole supervision. Following a hearing, his request was denied and he was ordered held an additional 24 months. After the decision was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging it. Following joinder of issue, Supreme Court dismissed the petition and petitioner now appeals.

Initially, it is well settled that parole release decisions are discretionary and will not be disturbed so long as the Board complied with the statutory requirements set forth in Executive Law § 259-i (*see Matter of Wiley v State of N.Y. Dept. of Corr. & Community Supervision*, 139 AD3d 1289, 1289 [2016]; *Matter of Furman v Annucci*, 138 AD3d 1269, 1270 [2016], *lv dismissed* 27 NY3d 1188 [2016]). Contrary to petitioner's claim, the Board here did not base its decision solely on the serious nature of his crime, but also took into account other relevant statutory factors including his criminal record, disciplinary

history, program and educational accomplishments and post-release plans, as well as the sentencing minutes and the COMPAS Risk and Needs Assessment instrument (*see Matter of Hill v New York State Bd. of Parole*, 130 AD3d 1130, 1130-1131 [2015]; *Matter of Diaz v New York State Dept. of Corrections & Community Supervision*, 127 AD3d 1493, 1494 [2015]). The Board was not required to give each statutory factor equal weight and was entitled to place greater emphasis on the severity of petitioner's crime (*see Matter of Furman v Annucci*, 138 AD3d at 1270; *Matter of King v Stanford*, 137 AD3d 1396, 1397 [2016]). Moreover, we find no merit to petitioner's claim that the Board based its decision on erroneous information. Although a Board member made a misstatement during the parole interview that petitioner's conviction was the result of a guilty plea, petitioner did not object and, in any event, the misstatement did not alter the grave nature of his underlying conviction, which was relevant to the Board's decision (*see Matter of Rodriguez v Evans*, 102 AD3d 1049, 1050 [2013]; *see also Matter of Sutherland v Evans*, 82 AD3d 1428, 1429 [2011]). Given that the Board's decision does not exhibit " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we find no reason to disturb it. We have reviewed petitioner's numerous remaining contentions and find them to be unavailing.

Peters, P.J., Garry, Egan Jr., Clark and Aarons, JJ., concur. Ordered that the judgment is affirmed, without costs.