Appeal from a judgment of the Supreme Court (Ferreira, J.), entered August 31, 2016 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner’s request for parole release.
In 1992, petitioner was convicted of murder in the second degree. In 2008, petitioner was released from prison, arrested shortly thereafter and convicted of criminal possession of a controlled substance in the third degree, criminal possession of marihuana in the second degree and criminal use of drug paraphernalia in the second degree. In December 2010, petitioner was sentenced as a predicate felony offender to an aggregate prison term of seven years. Petitioner received an earned eligibility certificate and, in March 2015, petitioner made his first appearance before respondent seeking to be released to parole supervision. Following a hearing, his request was denied. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging that determination. Following joinder of issue, Supreme Court dismissed the petition, and petitioner now appeals.
We affirm. “Parole decisions are discretionary and will not be disturbed so long as respondent complied with the statutory requirements of Executive Law § 259-i” (Matter of Almonte v New York State Bd. of Parole, 145 AD3d 1307, 1307 [2016] [internal quotation marks, brackets and citation omitted]; see Matter of Wiley v State of N.Y. Dept. of Corr. & Community Supervision, 139 AD3d 1289, 1289 [2016]; Matter of Furman v Annucci, 138 AD3d 1269, 1270 [2016], lv dismissed 27 NY3d 1188 [2016]). Here, respondent did not base its decision solely upon the serious nature of petitioner’s crime; rather, it took into account other relevant statutory factors, including *1459 petitioner’s criminal record, disciplinary history, positive programming and postrelease plans, as well as the sentencing minutes and the COMPAS Risk and Needs Assessment instrument (see Matter of Hill v New York State Bd. of Parole, 130 AD3d 1130, 1130-1131 [2015]; Matter of Diaz v New York State Dept. of Corrections & Community Supervision, 127 AD3d 1493, 1494 [2015]). Respondent was not required to give each statutory factor equal weight and was entitled to place greater emphasis upon petitioner’s criminal history, prior record of failed community supervision and the fact that he committed the underlying crimes while on lifetime parole supervision for his murder conviction (see Matter of Furman v Annucci, 138 AD3d at 1270; Matter of King v Stanford, 137 AD3d 1396, 1397 [2016]).
To the extent that petitioner contends that respondent failed to consider his “most current case plan that may have been prepared by the Department of Corrections and Community Supervision” (9 NYCRR 8002.3 [a] [12]; see Correction Law § 71-a), petitioner neither preserved this claim for our review by raising it in his administrative appeal nor demonstrated that a current case plan had in fact been prepared by the Department (see Krupa v Stanford, 145 AD3d 1656, 1656 [2016]; see generally Matter of Police Benevolent Assn. of N.Y. State, Inc. v State of New York, 145 AD3d 1391, 1394 [2016]). Given that the Board’s decision does not exhibit “ ‘irrationality bordering on impropriety’ ” (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]), we find no reason to disturb it. We have reviewed petitioner’s remaining contentions and find them to be unavailing.
McCarthy, J.R, Egan Jr., Rose, Clark and Aarons, JJ., concur.
Ordered that the judgment is affirmed, without costs.