■ In the Matter of MICHAEL MAYS, Appellant, v TINA M. STANFORD, as Chair of the Board of Parole, Respondent. [55 NYS3d 502]—

Appeal from a judgment of the Supreme Court (LaBuda, J.), entered August 18, 2016 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying his request for parole release.

In 1986, petitioner robbed a cab driver at gunpoint and later pleaded guilty to attempted robbery in the first degree, but absconded to North Carolina prior to sentencing. He was sentenced in absentia to 3 to 9 years in prison. Petitioner subsequently returned to New York and fatally shot a 16-year-old girl after she refused to have sex with him. He was convicted following a jury trial of, among other things, murder in the second degree and was sentenced to an aggregate prison term of 28 years to life. In November 2015, he made his first appearance before the Board of Parole seeking to be released to parole supervision. His request was denied and he was

ordered held for an additional 24 months. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding. After service of respondent's answer, Supreme Court dismissed the petition and petitioner now appeals.

Initially, it is well settled that "parole release decisions are discretionary and will not be disturbed so long as [the Board] complied with the statutory requirements set forth in Executive Law § 259-i" (*Matter of Hill v New York State Bd. of Parole*, 130 AD3d 1130, 1130 [2015]; *see Matter of King v Stanford*, 137 AD3d 1396, 1397 [2016]). Contrary to petitioner's claim, the record here discloses that the Board did not base its decision solely on the heinous nature of his murder conviction. In addition to this, the Board took into consideration petitioner's violent criminal history, his multiple prior prison disciplinary violations, his positive program accomplishments and his postrelease plans, as well as the sentencing minutes and the COMPAS Risk and Needs Assessment instrument (*see Matter of Ward v New York State Div. of Parole*, 144 AD3d 1375, 1376 [2016]; *Matter of James v New York State Bd. of Parole*, 136 AD3d 1089, 1090 [2016], *appeal dismissed* 27 NY3d 1016 [2016]). Notably, the Board was not required to give equal weight to each statutory factor that it considered (*see Matter of Hill v New York State Bd. of Parole*, 130 AD3d at 1131; *Matter of Lackwood v New York State Div. of Parole*, 127 AD3d 1495, 1495 [2015]). Moreover, there is no merit to petitioner's claim that the Board relied on erroneous information regarding the circumstances of the murder as the record discloses that petitioner admitted that he attempted to have sex with the victim without her consent before she was killed (*see Matter of Boccadisi v Stanford*, 133 AD3d 1169, 1170-1171 [2015]; *Matter of Rivers v Evans*, 119 AD3d 1188, 1188-1189 [2014]). Likewise, the record provides no support for petitioner's contention that respondent, who conducted most of the questioning, was biased against him or that he was otherwise denied a fair hearing (*see generally Matter of Rivers v Evans*, 119 AD3d at 1189). Petitioner's many remaining contentions have been considered and are unavailing.\* Given that the Board's decision does not exhibit " 'irrationality bordering on impropriety' " (*Matter of Partee v Evans*, 117 AD3d 1258, 1259 [2014], *lv denied* 24 NY3d

---

\* Insofar as petitioner complains that the Board had before it incorrect information regarding his sentence that did not properly credit him for time served in prison, his proper remedy is to commence a separate CPLR article 78 proceeding challenging the time computation (*see e.g. Matter of Hurley v Fox*, 133 AD3d 997 [2015]).

901 [2014], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.

McCarthy, J.P., Egan Jr., Rose, Devine and Aarons, JJ., concur. Ordered that the judgment is affirmed, without costs.

