In the Matter of CARLOS PANIAGUA, Appellant, v TINA M. STANFORD, as Chair of the Board of Parole, Respondent. [56 NYS3d 894]—

Appeal from a judgment of the Supreme Court (Schick, J.), entered October 28, 2016 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Following an incident in March 1994 in which one of his friends was robbed, petitioner and his codefendants went looking for revenge. They approached the suspected robber in a public park where one codefendant shot this individual, causing serious injuries, and then fired his gun indiscriminately into a nearby crowd, killing two innocent bystanders. As a result of his involvement, petitioner was convicted of two counts of murder in the second degree and he was sentenced to 20 years to life in prison. In 2015, he made his second appearance before the Board of Parole seeking to be released to parole supervision. At the conclusion of a hearing, the Board denied his request and ordered that he be held for 24 months. The denial was upheld on administrative appeal, and petitioner

commenced this CPLR article 78 proceeding challenging it. Following joinder of issue, Supreme Court dismissed the petition and petitioner now appeals.

We affirm. It is well settled that parole release decisions are discretionary and will not be disturbed as long as the Board complied with the statutory requirements set forth in Executive Law § 259-i (*see Matter of Bello v Board of Parole*, 149 AD3d 1458, 1458 [2017]; *Matter of Hill v New York State Bd. of Parole*, 130 AD3d 1130, 1130 [2015]). Contrary to petitioner's claim, the Board considered not only the serious nature of his crimes, but also his criminal record, prison disciplinary history, program accomplishments and postrelease plans, as well as the COMPAS Needs and Risk Assessment instrument (*see Matter of Mays v Stanford*, 150 AD3d 1521, 1522 [2017]; *Matter of Rivera v Stanford*, 149 AD3d 1445, 1445-1446 [2017]). Significantly, the Board was not required to place equal weight on each statutory factor that it considered (*see Matter of Rivera v Stanford*, 149 AD3d at 1446; *Matter of Wiley v State of N.Y. Dept. of Corr. & Community Supervision*, 139 AD3d 1289, 1290 [2016]). Furthermore, we are not persuaded that the Board relied on misinformation concerning the extent of the injuries sustained by the purported robber, as petitioner admitted at the hearing that this individual "ended up in a wheelchair" (*see Matter of Mays v Stanford*, 150 AD3d at 1522). We have considered petitioner's remaining arguments and find that they are either unpreserved for our review or are lacking in merit. Given that the Board's decision does not exhibit " 'irrationality bordering on impropriety' " (*Matter of Partee v Evans*, 117 AD3d 1258, 1259 [2014], *lv denied* 24 NY3d 901 [2014], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we decline to disturb it.

Peters, P.J., Garry, Rose, Clark and Aarons, JJ., concur. Ordered that the judgment is affirmed, without costs.