■ In the Matter of KENNETH COBB, Appellant, v TINA M. STANFORD, as Chair of the Board of Parole, Respondent. [59 NYS3d 915]—

Appeal from a judgment of the Supreme Court (LaBuda, J.), entered September 22, 2016 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to

CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1990, petitioner was convicted of a number of crimes, the most serious of which was murder in the second degree, after he fatally shot a food vendor. He had previously been adjudicated a youthful offender in connection with a prior conviction for robbery in the first degree and committed the murder and other crimes while he was on probation. Petitioner was sentenced to an aggregate prison term of 25 years to life. In March 2016, he made his second appearance before the Board of Parole seeking to be released to parole supervision. Following a hearing, his request was denied and he was ordered held for an additional 24 months. He filed an administrative appeal and, while it was pending, he submitted an addendum based on this Court's decision in *Matter of Hawkins v New York State Dept. of Corr. & Community Supervision* (140 AD3d 34 [2016]). The Appeals Unit subsequently issued a determination upholding the parole denial. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging the determination. Following joinder of issue, Supreme Court dismissed the petition and petitioner now appeals.[1]

We affirm. It is well settled that parole release decisions are discretionary and will not be disturbed as long as the Board complied with the statutory requirements set forth in Executive Law § 259-i (*see Matter of Bello v Board of Parole*, 149 AD3d 1458, 1458 [2017]; *Matter of Hill v New York State Bd. of Parole*, 130 AD3d 1130, 1130 [2015]). Contrary to petitioner's claim, the record discloses that the Board considered the requisite statutory factors, including the serious nature of petitioner's crimes, his criminal history, his poor prison disciplinary record, his positive program accomplishments, his postrelease plans and the sentencing minutes (*see Matter of Hill v New York State Bd. of Parole*, 130 AD3d at 1130-1131; *Matter of Martinez v Evans*, 108 AD3d 815, 816 [2013]). As part of petitioner's criminal history, the Board properly considered his prior youthful offender adjudication and his commission of the crimes at issue while on probation (*see Matter of Amen v New York State Div. of Parole*, 100 AD3d 1230, 1230-1231 [2012]; *see also Matter of Hunter v New York State Div. of Parole*, 21 AD3d 1178, 1178 [2005]). Moreover, although the Board did not specifically reference the COMPAS Needs and Risk Assessment instrument or the transitional account-

---

1. Petitioner moved for reconsideration of Supreme Court's decision dismissing the petition based on a factual error contained therein, but the motion was denied.

ability plan by name, it took them into account as they were listed among the documents relied upon and the Board noted in its decision that petitioner's "risks and needs assessment [and] case plan" were among the factors considered, consistent with the 2011 amendments to the Executive Law (*see Matter of Gonzalvo v Stanford*, 153 AD3d 1021, 1022 [2017]; *Matter of King v Stanford*, 137 AD3d 1396, 1397 [2016]).[2] Furthermore, to the extent that petitioner argues, based on *Matter of Hawkins v New York State Dept. of Corr. & Community Supervision (supra)*, that the Board did not properly take into account his young age at the time of the commission of the crimes, that case is inapplicable here given that petitioner was not a juvenile homicide offender as he was over 18 years of age at the time he fatally shot the food vendor. In sum, inasmuch as the Board's decision does not exhibit " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.

Peters, P.J., Egan Jr., Devine, Aarons and Rumsey, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

**2.** Although a transitional accountability plan was prepared, one was not required as petitioner was incarcerated prior to the effective date of the legislation imposing this requirement (*see Matter of Wiley v State of N.Y. Dept. of Corr. & Community Supervision*, 139 AD3d 1289, 1290 [2016]).