Appeal from a judgment of the Supreme Court (Ryba, J.), entered March 1, 2017 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner’s request for parole release.
 

 Petitioner is serving a prison sentence of 5 to 15 years due to her convictions of manslaughter in the second degree and four counts of assault in the third degree. The convictions stem from petitioner having driven her vehicle into a crowd of people, killing one person and injuring four others. In February 2016, petitioner appeared for the second time before the Board of Parole seeking to be released on parole supervision. The Board denied petitioner’s application for release and ordered her held for an additional 24 months. Petitioner commenced this CPLR article 78 proceeding, and Supreme Court thereafter dismissed her petition. This appeal ensued.
 

 “Parole release decisions are discretionary and, absent the Board’s failure to comply with the statutory requirements governing parole procedures, judicial intervention is warranted only when there is a showing of irrationality bordering on impropriety” (Matter of Boccadisi v Stanford, 133 AD3d 1169, 1170 [2015] [internal quotation marks and citations omitted]; see Executive Law § 259-i; Matter of Diaz v New York State Dept. of Corrections & Community Supervision, 127 AD3d 1493, 1494 [2015]). Here, the record reflects that the Board took into account the relevant statutory factors, including petitioner’s risk to the community, her rehabilitation efforts—noting particular accomplishments that petitioner had made in this regard—the severity of petitioner’s underlying crime and petitioner’s postrelease plans. Although the Board placed particular emphasis on the underlying crime, it was free to do so given that all factors need not be given equal weight (see Matter of Hill v New York State Bd. of Parole, 130 AD3d 1130, 1131 [2015]; Matter of Hamilton v New York State Div. of Parole, 119 AD3d 1268, 1271 [2014]). To the extent they are preserved, petitioner’s remaining contentions are without merit. Given that the Board’s determination does not evince “irrationality bordering on impropriety” (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000] [internal quotation marks and citation omitted]), we will not disturb it.
 

 Garry, J.P., Lynch, Clark, Aarons and Pritzker, JJ., concur.
 

 Ordered that the judgment is affirmed, without costs.