Matter of Constant v Stanford (2018 NY Slip Op 00503)





Matter of Constant v Stanford


2018 NY Slip Op 00503


Decided on January 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 25, 2018

525102

[*1]In the Matter of EMMANUEL CONSTANT, Appellant,
v
TINA M. STANFORD, as Chair of the Board of Parole, Respondent.

Calendar Date: December 13, 2017

Before: Garry, P.J., McCarthy, Lynch, Clark and Aarons, JJ.


Emmanuel Constant, Coxsackie, appellant pro se.
Eric T. Schneiderman, Attorney General, Albany (Joseph M. Spadola of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Young, J.), entered May 25, 2017 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.
Petitioner is currently serving a prison sentence of 10 to 20 years for convictions of grand larceny in the second degree, grand larceny in the third degree, scheme to defraud in the first degree and falsifying business records in the first degree, all resulting from an elaborate mortgage fraud scheme that he helped perpetrate. Petitioner appeared before the Board of Parole for his first regular appearance in March 2016. After the hearing, the Board determined that release would not be appropriate at that time and held petitioner for an additional 24 months, and
that determination was upheld on administrative appeal. Petitioner commenced this CPLR article 78 proceeding seeking to annul that determination, and Supreme Court thereafter dismissed his petition. Petitioner now appeals, and we affirm.
"It is well settled that parole release decisions are discretionary and will not be disturbed as long as the Board complied with the statutory requirements set forth in Executive Law § 259-i" (Matter of Cobb v Stanford, 153 AD3d 1500, 1501 [2017] [citations omitted]; see Matter of Platten v New York State Bd. of Parole, 153 AD3d 1509, 1509 [2017]) and the determination does not evince "'irrationality bordering on impropriety'" (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]). Here, the Board explicitly considered petitioner's prison disciplinary record, his [*2]program participation and accomplishments, his release plans, his risk to society and the serious nature of his crimes before denying his release. Having reviewed the record, we find that the Board considered the requisite factors and its determination does not exhibit irrationality (see Matter of Feilzer v New York State Div. of Parole, 131 AD3d 1321, 1322 [2015]; Matter of Neal v Stanford, 131 AD3d 1320, 1321 [2015]). Moreover, petitioner's contention that the Board relied on erroneous information is unpreserved and, in any event, is without support in the record (see Khatib v New York State Bd. of Parole, 118 AD3d 1207, 1208 [2014]; Matter of Carter v Evans, 81 AD3d 1031, 1032 [2011]). To the extent that they are preserved, petitioner's remaining contentions are also without merit.
Garry, P.J., McCarthy, Lynch, Clark and Aarons, JJ., concur.
ORDERED that the judgment is affirmed, without costs.