Matter of Beodeker v Stanford (2018 NY Slip Op 06164)





Matter of Beodeker v Stanford


2018 NY Slip Op 06164


Decided on September 20, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 20, 2018

526164

[*1]In the Matter of ROBERT J. BEODEKER, Appellant,
v
TINA M. STANFORD, as Chair of the Board of Parole, Respondent.

Calendar Date: September 5, 2018

Before: Egan Jr., J.P., Devine, Mulvey, Aarons and Rumsey, JJ.


Robert J. Beodeker, Malone, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Laura Etlinger of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Feldstein, J.), entered January 3, 2018 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.
In March 2013, petitioner was driving a vehicle after he had ingested illegal drugs and fatally struck and killed two pedestrians who were on the side of the highway fixing a disabled vehicle. He was charged with multiple crimes, but pleaded guilty to aggravated vehicular homicide and driving while ability impaired by drugs. He was sentenced to an aggregate prison term of 4 to 12 years. In November 2016, petitioner made his first appearance before the Board of Parole seeking to be released to parole supervision. Following a hearing, his request was denied and he was ordered held for an additional 24 months. The decision was later upheld on administrative appeal. Petitioner commenced this CPLR article 78 proceeding challenging it. After service of respondent's answer, Supreme Court dismissed the petition, and this appeal ensued.
Initially, "[i]t is well settled that parole release decisions are discretionary and will not be disturbed as long as the Board complied with the statutory requirements set forth in Executive Law § 259-i" (Matter of Cobb v Stanford, 153 AD3d 1500, 1501 [2017]; see Matter of Hill v New York State Bd. of Parole, 130 AD3d 1130, 1130 [2015]). Contrary to petitioner's claim, the record discloses that the Board considered the relevant statutory factors, including not only the seriousness of petitioner's crimes, but also his clean criminal record, his favorable disciplinary history, his positive program accomplishments, his postrelease plans, the COMPAS Needs and Risk Assessment instrument and the sentencing minutes (see Matter of Robinson v New York State Bd. of Parole, 162 AD3d 1450, 1451 [2018]; Matter of Rivera v Stanford, 149 AD3d 1445, 1445-1446 [2017]). In addition, it properly took into account petitioner's receipt of a certificate of earned eligibility (see Matter of Furman v Annucci, 138 AD3d 1269, 1270 [2016], appeal [*2]dismissed 27 NY3d 1188 [2016]; Matter of Neal v Stanford, 131 AD3d 1320, 1321 [2015]). The Board, however, was not required to give each statutory factor equal weight and could place greater emphasis on the severity of petitioner's crimes and the attendant circumstances (see Matter of Arena v New York State Dept. of Corr. & Community Supervision, 156 AD3d 1101, 1102 [2017]; Matter of Furman v Annucci, 138 AD3d at 1270). Here, the Board was persuaded by the horrific nature of the crimes, which involved the victims being dragged along the highway after impact and petitioner driving while under the influence of illicit drugs with a suspended license and a hypodermic needle in his pocket. In view of this, as well as petitioner's limited expression of remorse that was evident during the parole interview,[FN1] we do not find that the Board's denial of petitioner's request for parole exhibits "'irrationality bordering on impropriety'" (Matter of Partee v Evans, 117 AD3d 1258, 1259 [2014], lv denied 24 NY3d 901 [2014], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]). We have considered petitioner's remaining arguments and find them to be lacking in merit.
Egan Jr., J.P., Devine, Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: In this regard, it is noteworthy that petitioner attributed the accident to his unfamiliarity with the highway and his inability to react quickly after seeing the victims, without acknowledging that his drug-impaired state was a contributing factor.