Matter of Pedraza v New York State Bd. of Parole (2018 NY Slip Op 07513)





Matter of Pedraza v New York State Bd. of Parole


2018 NY Slip Op 07513


Decided on November 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 8, 2018


[*1]In the Matter of ANGEL PEDRAZA, Appellant,
v
NEW YORK STATE BOARD OF PAROLE, Respondent.

Calendar Date: September 18, 2018

Before: Garry, P.J., Lynch, Devine, Mulvey and Rumsey, JJ.


Angel Pedraza, Comstock, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Frank Brady of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Gilpatric, J.), entered January 24, 2018 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.
In 1992, petitioner participated in two armed robberies, one involving the fatal shooting of a security guard. As a result, he was convicted of murder in the second degree and two counts of robbery in the first degree, and was sentenced to an aggregate prison term of 23 years to life. In February 2017, petitioner made his second appearance before respondent seeking to be released to parole supervision. At the conclusion of the hearing, his request was denied and he was ordered held for an additional 24 months. The denial was later affirmed on administrative appeal, and petitioner commenced this CPLR article 78 proceeding challenging it. Following joinder of issue, Supreme Court dismissed the petition, and petitioner now appeals.
We affirm. Preliminarily, we note that "parole release decisions are discretionary and will not be disturbed as long as [respondent] complied with the statutory requirements set forth in Executive Law § 259-i" (Matter of Cobb v Stanford, 153 AD3d 1500, 1501 [2017]; see Matter of Lewis v Stanford, 153 AD3d 1478, 1478 [2017]). Contrary to petitioner's claim, the record reveals that respondent considered his rehabilitation efforts, as it specifically referenced them in its decision (see e.g. Matter of Arena v New York State Dept. of Corr. & Community Supervision, 156 AD3d 1101, 1102 [2017]). Respondent also took into account other relevant statutory factors, including the serious nature of petitioner's crimes, his criminal history, his clean disciplinary record, his many program accomplishments, his postrelease plans and the COMPAS Risk and Needs Assessment instrument (see Matter of Robinson v New York State Bd. of Parole, 162 AD3d 1450, 1451 [2018]; Matter of Moore v New York State Bd. of Parole, 137 AD3d 1375, 1376 [2016]). Upon review, we do not find that respondent's decision evinces "'irrationality bordering on impropriety'" (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], [*2]quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]), and, thus, we decline to disturb it.
Garry, P.J., Lynch, Devine, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.