Tafari v Cuomo (2019 NY Slip Op 01866)





Tafari v Cuomo


2019 NY Slip Op 01866


Decided on March 14, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 14, 2019

526332

[*1]In the Matter of INJAH UNIQUE TAFARI, Appellant,
v
ANDREW MICHAEL CUOMO, as Governor, et al., Respondents.

Calendar Date: February 8, 2019

Before: Garry, P.J., Egan Jr., Clark, Devine and Rumsey, JJ.


Injah Unique Tafari, Attica, appellant pro se.
Letitia James, Attorney General, Albany (Brian D. Ginsberg of counsel), for respondents.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Ryba, J.), entered February 9, 2018 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.
Petitioner has a violent criminal history dating back to the early 1980s. In 1989, he was convicted of two counts of robbery in the first degree and was sentenced as a persistent violent felony offender to concurrent prison terms of 20 years to life. During his incarceration, he was convicted of the additional crimes of assault in the second degree and criminal mischief and was sentenced to prison terms that ran consecutively to the sentence he was serving. In May 2017, petitioner made his sixth appearance before the Board of Parole seeking to be released to parole supervision. At the conclusion of the interview, the Board denied his request and ordered him held for an additional 24 months. The determination was later upheld on administrative appeal, and petitioner commenced this CPLR article 78 proceeding challenging it. Following joinder of issue, Supreme Court dismissed the petition, and this appeal ensued.
Initially, we note that parole release decisions are discretionary and will not be disturbed as long as the Board complied with the statutory requirements set forth in Executive Law § 259-i (see Matter of Pedraza v New York State Bd. of Parole, 166 AD3d 1194, 1194 [2019]; Matter of Hill v New York State Bd. of Parole, 130 AD3d 1130, 1130 [2015]). Here, the Board complied with the statute by considering not only the serious nature of petitioner's crimes, but also his lengthy criminal record, prison disciplinary infractions, program accomplishments and postrelease plans, as well as the sentencing minutes and the COMPAS Risk and Needs Assessment instrument (see Matter of Perea v Stanford, 149 AD3d 1392, 1393 [2017]; Matter of Hill v New York State Bd. of Parole, 130 AD3d at 1130-1131). Significantly, the Board was not required to give each statutory factor equal weight, but could, as it did, place greater emphasis on the seriousness of petitioner's crimes (see Matter of Perea v Stanford, 149 AD3d at 1393; Matter [*2]of King v Stanford, 137 AD3d 1396, 1397 [2016]). Furthermore, there is no indication that the Board relied upon erroneous information in making its decision or that its decision was predetermined (see Matter of Gonzalvo v Stanford, 153 AD3d 1021, 1021 [2017]). We have considered petitioner's remaining contentions and find them to be lacking in merit. Inasmuch as the Board's decision does not exhibit "'irrationality bordering on impropriety'" (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.
Garry, P.J., Egan Jr., Clark, Devine and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.