People ex rel. Ward v Awopetu (2020 NY Slip Op 05375)





People ex rel. Ward v Awopetu


2020 NY Slip Op 05375


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


721 KAH 18-01512

[*1]THE PEOPLE OF THE STATE OF NEW YORK EX REL. GEORGE WARD, PETITIONER-APPELLANT,
v
AKINYEMI AWOPETU, SUPERINTENDENT, LIVINGSTON CORRECTIONAL FACILITY, RESPONDENT-RESPONDENT. 






HAYDEN DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR PETITIONER-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ROCHESTER (MARTIN A. HOTVET OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Livingston County (Dennis S. Cohen, A.J.), entered May 3, 2018 in a habeas corpus proceeding. The judgment dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: In the 1960's, "petitioner was convicted of murder in the second degree after he fatally strangled a 76-year-old woman, then stole money from her apartment and engaged in sex with her corpse" (Matter of Ward v New York State Div. of Parole, 144 AD3d 1375, 1376 [3d Dept 2016]). He was sentenced to an indeterminate period of incarceration with a maximum of life in prison. After he was released to parole on that charge, he was rearrested in 1991 and eventually pleaded guilty to two counts of sodomy in the first degree (former Penal Law § 130.50 [1]), "arising from his forced oral sodomization of two young girls" (Ward, 144 AD3d at 1376), and was sentenced to two indeterminate terms of 6 to 18 years' incarceration, to be served concurrently with the remainder of his indeterminate life sentence on the murder conviction. Petitioner commenced this habeas corpus proceeding, contending that the New York State Department of Corrections and Community Supervision (DOCCS) miscalculated his sentence, and that he was improperly committed on the expired 1993 sentence from the sodomy conviction. He appeals from a judgment dismissing the petition. We affirm.
Where, as here, a person is sentenced to concurrent indeterminate terms of incarceration, "[t]he maximum term or terms of the indeterminate sentences . . . shall merge in and be satisfied by discharge of the term which has the longest unexpired time to run" (Penal Law § 70.30 [1] [a]). In that situation, "the Penal Law provides for a method whereby two or more sentences are made into one: the result . . . is a single, indeterminate sentence . . . [Consequently,] a prisoner serving multiple sentences is subject to all the sentences, whether concurrent or consecutive, that make up the merged or aggregate sentence he is serving" (People v Buss, 11 NY3d 553, 557-558 [2008]). Thus, petitioner's contention that he is currently being held only on the expired sentence on the sodomy conviction lacks merit. To the contrary, he is currently incarcerated on the merged or aggregate sentence that resulted when he was sentenced on the sodomy conviction to indeterminate terms that were to run concurrently with the undischarged portion of the indeterminate life sentence imposed on the murder conviction.
Moreover, habeas corpus relief "is unavailable because petitioner would not be entitled to immediate release from custody even in the event that his contentions had merit" (People ex rel. Almodovar v Berbary, 67 AD3d 1419, 1420 [4th Dept 2009], lv denied 14 NY3d 703 [2010]; see generally People ex rel. Douglas v Vincent, 50 NY2d 901, 903 [1980]; People ex rel. Ward v Russi, 219 AD2d 862, 862 [4th Dept 1995], lv denied 87 NY2d 803 [1995]), inasmuch as [*2]petitioner does not dispute that he is still subject to the indeterminate life sentence imposed on the murder conviction.
We have considered petitioner's remaining contentions and we conclude that they do not require modification or reversal of the judgment.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court